## HOLIDAY *v.* JOHNSTON, WARDEN.

No. 14, original.   Argued May 5, 6, 1941.—Decided May 26, 1941.

Mr. *Charlès A. Horsky* for petitioner.

*Mr. Herbert Wechsler,* with whom *Assistant Solicitor General Fahy, Assistant Attorney General Berge,* and *Mr. Alfred B. Teton* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioner applied to the District Court for the Northern District of California for a writ of *habeas corpus*. His petition alleged that he was unlawfully detained by the respondent in Alcatraz Penitentiary; that he had been indicted in the District Court for North Dakota under an Act of May 18, 1934, § 2,[1] the indictment being in two counts, one for robbery of an insured bank and the other for jeopardizing the lives of officials of the bank in the course of the robbery; that he pleaded guilty to both counts and was sentenced to ten years under the first and to fifteen years under the second, "commencing at the expiration of the sentence imposed under count one." The petition charged that he was unlawfully detained because he was tried without the advice and assistance of counsel, was ignorant of his right to have counsel although unable to pay for an attorney, was not advised by the court that he was entitled to counsel, and was unable to, and did not, intelligently waive his constitutional right to have counsel. The petition alleged that the two counts of the indictment charged but one offense and that the petitioner was placed in double jeopardy by the imposition of the consecutive sentences.

The court issued a rule on the respondent to show cause why a writ should not issue. The respondent made return showing that the petitioner was held under a commitment issued pursuant to his conviction upon the indictment in question. He attached a certificate of the judge who imposed the sentence, attesting to his uniform practice of inquiring of prisoners charged with felony whether they wanted counsel and his firm belief that he so inquired of the petitioner, and the affidavit of a deputy marshal to the effect that petitioner said he did not desire counsel.

Petitioner filed a traverse in which he denied that the

---

[1] 48 Stat. 783, 12 U. S. C. § 588b.

trial judge had interrogated him as stated and denied that he had made the alleged statement to the deputy marshal. The district judge issued a writ commanding the respondent to produce the petitioner before a commissioner of the District Court at the Alcatraz prison on a day named. This was done and the commissioner there took the petitioner's testimony and later received the depositions of two witnesses on behalf of the respondent. The commissioner submitted a report in which he recited his proceedings, summarized the asserted grounds for relief, made findings of fact, stated conclusions of law, and recommended that the application be denied. After hearing argument on the report the judge entered an order discharging the writ.

The petitioner applied for leave to appeal *in forma pauperis*. This was denied by an order which recited that, so far as the petition was based on the alleged invalidity of the sentence on the second count of the indictment it was premature and, so far as it was grounded on the deprivation of the assistance of counsel, the evidence sustained the finding of the commissioner that the petitioner had competently and intelligently waived his right to such assistance. Accordingly, the judge denied an appeal for want of merit in the application.

The petitioner moved the Circuit Court of Appeals for leave to appeal *in forma pauperis,* which was denied. He then petitioned this Court for certiorari[2] and for leave to proceed *in forma pauperis.* Both petitions were granted and counsel was appointed to represent him in this Court.

The burden of petitioner's complaint is that the procedure adopted by the District Court—that of a hearing before a commissioner and the disposition of the cause on the record made before him—is a plain violation of

[2] We have jurisdiction under § 262 of the Judicial Code, 28 U. S. C. § 377; *In re 620 Church Street Corporation,* 299 U. S. 24.

the Acts of Congress regulating the practice in *habeas corpus* cases. In addition, he seeks a reversal of the judgment on the ground that the sentence on the second count is void. He insists that he is entitled to a decision to this effect so that he may apply for parole under the sentence imposed on the first count.

The respondent argues that we need not consider the question of the regularity of the hearing in *habeas corpus,* since the petition should have been denied as premature so far as it rested on the asserted illegality of the sentence, and since the District Court should have dismissed the petition for insufficiency of the allegations concerning the denial of assistance of counsel.

1. The respondent admits that § 2 of the Act of May 18, 1934, *supra,* does not create two separate crimes but prescribes alternative sentences for the same crime depending upon the manner of its perpetration. This concession, however, does not aid the petitioner. The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy. And if, as the petitioner contends, the first sentence of ten years is valid and the second void, he is no better off. Conceding, without deciding, that he is right in saying the first sentence is the only valid one, he has not served that sentence and is not entitled now to be discharged from custody under it. He urges that if the second sentence is adjudged void he will now be entitled to apply for parole under the first. But we have recently decided that *habeas corpus* cannot be awarded to afford a prisoner such an opportunity.[3] His remedy is to apply for vacation of the sentence and a resentence in conformity to the statute under which he was adjudged guilty.

---

[3] *McNally* v. *Hill,* 293 U. S. 131.

2. The respondent's contention that we should affirm the judgment because the petition for the writ insufficiently alleges a denial of constitutional right and fails to rebut the presumption of regularity which attaches to the record of petitioner's trial and conviction may be shortly answered. A petition for *habeas corpus* ought not to be scrutinized with technical nicety. Even if it is insufficient in substance it may be amended in the interest of justice. In the present instance, moreover, the judge, by calling on the respondent to show cause, adjudged that, in his view, the petition was sufficient and, by referring the cause to a master, evinced a judgment that the petition, the return, and the traverse made issues of fact justifying the taking of evidence. These decisions did not constitute an abuse of discretion and we will not review them.

3. The respondent insists that the petition was premature if the petitioner's claim that he was denied the assistance of counsel is without merit, but the contention is pressed only if we find that no question as to such denial is presented.

4. We come then to the serious question in the case. Was the method of trial of the fact issues presented by the pleadings in accordance with law?

Revised Statutes §§ 757, 758, and 761 [4] prescribe the procedure to be followed. The first requires that "The person to whom the writ is directed shall certify to the court, or justice, or judge before whom it is returnable the true cause of the detention of such party"; and the second that: "The person making the return shall at the same time bring the body of the party before the judge who granted the writ." [5] The third provides that: "The

---

[4] 28 U. S. C. §§ 457, 458, 461.

[5] Both these sections are derived from the Habeas Corpus Act of February 5, 1867, c. 28, 14 Stat. 385. In the codification the language of the original statute was altered to indicate that the return might

court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require."

It is plain, as the respondent concedes, that a commissioner is not a judge and that the command of the court's writ that the petitioner appear before that officer was not a literal compliance with the statute. The respondent argues, however, that the writ in effect referred the cause to the commissioner as a master whose function was to take the testimony and submit it, together with his findings and conclusions, for such action as the court might take upon such submission. The argument runs that this practice is in substance equivalent to a hearing before the judge in his proper person, has long been followed in the district courts in California, has not incurred the criticism of this Court in cases brought here where it was followed, is a convenient procedure, tends to expedite the disposition of such cases, is in accordance with long standing equity practice and is countenanced by Rule 53 (a) (b) of the Rules of Civil Procedure.[6]

We cannot sanction a departure from the plain mandate of the statute on any of the grounds advanced. We have recently emphasized the broad and liberal policy adopted by Congress respecting the office and use of the writ of *habeas corpus* in the interest of the protection of individual freedom to the end that the very truth and substance of the cause of a person's detention may be disclosed and justice be done.[7] The Congress has seen fit to lodge in

---

be made to the court, justice, or judge, whereas, in the original statute, the provision is that the respondent "shall make return of said writ and bring the party before the judge who granted the writ, and certify the true cause of the detention of such person . . ." 14 Stat. 386. Nothing in this case turns on the diversity between the language employed in the statute and that found in the revision.

[6] 28 U. S. C. following § 723c.

[7] *Johnson* v. *Zerbst*, 304 U. S. 458; *Walker* v. *Johnston*, 312 U. S. 275.

the judge the duty of investigation. One of the essential elements of the determination of the crucial facts is the weighing and appraising of the testimony. Plainly it was intended that the prisoner might invoke the exercise of this appraisal by the judge himself. We cannot say that an appraisal of the truth of the prisoner's oral testimony by a master or commissioner is, in the light of the purpose and object of the proceeding, the equivalent of the judge's own exercise of the function of the trier of the facts.

The circumstance that the practice has grown up of referring such causes to a commissioner, has long been indulged in in the federal courts of California, and has found a place in a rule of court, cannot overcome the plain command of the statute. It is true that the practice was followed in certain deportation cases which were reviewed by this Court, but, so far as appears, no point was made as to the procedure followed in those cases and the matter was passed without notice.

It may be that the practice is a convenient one, but, if so, that consideration is for Congress. In view of the plain terms in which the Congressional policy is evidenced in the Habeas Corpus Act, the courts may not substitute another more convenient mode of trial.

It is said that the procedure tends to expedite the disposition of *habeas corpus* cases. The record in this case would seem to contradict the argument.[8] And when it is remembered that R. S. 756[9] required that the return

---

[8] The petition was filed May 8, 1939. The order to show cause issued June 29, 1939. The return was presented July 10, 1939; the traverse July 31, 1939. The writ issued December 14, 1939. The commissioner held hearings on December 16, 1939, and April 30, 1940. He filed his report May 23, 1940, and the judge entered an order confirming the report and discharging the writ July 1, 1940. No explanation is vouchsafed for what seems, in view of the peremptory terms of the statute, an inordinate protraction of the proceeding.

[9] 28 U. S. C. § 456.

in this case be made within three days of the issue of the writ, and that R. S. 758, *supra,* required the respondent to produce the body at the same time he made the return; that R. S. 759 [10] commands that the hearing shall be set not more than five days after the return; and that R. S. 761, *supra,* enjoins the judge to proceed in a summary way to hear the cause and dispose of the petitioner, it is difficult to see how the comparatively cumbersome and time-consuming procedure of reference, report, and hearing upon the report, can be thought a more expeditious method than that prescribed by the statute.

The practice of referring equity causes to masters presents no persuasive analogy. The scope and purpose of the two proceedings are obviously different. Moreover, when Congress prescribed the procedure in *habeas corpus* the practice of reference to masters in chancery was well known to it. The legislature, nevertheless, saw fit to require a different procedure in *habeas corpus* cases.

Finally, the sanction by Rule 53 of the Rules of Civil Procedure of references to masters does not aid in the decision of the question presented. Rule 81 (a) (2) provides that appeals in *habeas corpus* cases are to be governed by the rules, but that the rules are not applicable "otherwise than on appeal" in *habeas corpus* cases "except to the extent that the practice in such proceedings is not set forth in statutes of the United States and has heretofore conformed to the practice in actions at law or suits in equity . . ." Since the practice in *habeas corpus* is set forth in plain terms in the Revised Statutes, to which reference has been made, Rule 53 has no application.

In summary, we hold that the provisions of the *habeas corpus* act, as embodied in the Revised Statutes, are too plain to be disregarded for any of the reasons advanced. The District Judge should himself have heard the pris-

---

[10] 28 U. S. C. § 459.

oner's testimony and, in the light of it and the other testimony, himself have found the facts and based his disposition of the cause upon his findings. The petitioner has not been afforded the right of testifying before the judge, which the statute plainly accords him. In order that he may have that right we reverse the judgment and remand the cause to the District Court for further proceedings in conformity to this opinion. We express no opinion as to the weight or sufficiency of the evidence heretofore adduced. The issues of fact will be for solution by the District Court upon a further hearing.

*Reversed.*