## O'KEITH v. JOHNSTON, Warden.
### No. 9742.

Circuit Court of Appeals, Ninth Circuit.

Sept. 15, 1941.

Charles O'Keith, in pro. per., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

The petition of appellant for a writ of habeas corpus, filed in the court below, alleged in substance that he was confined at Alcatraz Island United States Penitentiary by virtue of a commitment under a judgment and sentence of the District Court of the United States for the Eastern District of Texas, Tyler Division; that he was apprehended December 25, 1936, at Denver, Colorado, and thereafter removed to the jurisdiction of the above court; that an indictment was returned in said District February 9, 1937, charging him, in two counts, with robbery by force and violence, of a member bank of the Federal Deposit Insurance Corporation; that on February 10, 1937, appellant was arraigned and pleaded guilty to the offenses charged in the indictment, being without the assistance of counsel; that on the day following, the appellant was sentenced to imprisonment for a period of twenty-five years and to pay a fine of $1,000, or to a term of twenty years on count one of the indictment and twenty-five years on count two, the latter count carrying the fine, the terms of imprisonment to run concurrently; that the record of his trial does not disclose whether appellant knew of his legal rights, or was offered assistance of counsel or knew the nature of the accusation against him; that he was denied "due process of law."

In his petition O'Keith argued his case under four heads:

(1) "Indictment fails to charge an offense against the United States and the Texas [federal] court was without jurisdiction to impose sentence upon the petitioner."

(2) "The sentence rendered against the petitioner is alternative ambiguous and void and the Texas court was without statutory power to impose said sentence."

(3) "The indictment, judgment of conviction and sentence are void because they do not bar another prosecution for the same offenses."

(4) "Petitioner convicted and sentenced and imprisoned under and by virtue of the fact that he was deprived of the assistance of counsel for his defense. Petitioner did not competently or intelligently waive his constitutional right to the advice or assistance of counsel for his defense, and the Texas court was without jurisdiction to sentence him."

An order to show cause, directed to the Warden of the said United States Penitentiary at Alcatraz, issued out of the court below, and return to said order was made by said warden, appellee here. The return set forth that petitioner O'Keith was held under commitment, referred to above, and alleged that said petitioner had theretofore filed a petition for writ of habeas corpus before the same court and incorporated the entire record of the proceeding under that petition by reference to the files of the court.

Three days after the return was filed, August 8, 1940, the court entered an order reciting that petitioner had requested counsel be appointed by him to represent the petitioner, and the court appointed a member of the bar for that purpose, but

the record does not disclose that the counsel was ever called upon to act for the petitioner in this proceeding.

Thereafter, appellant filed a traverse to the respondent's return in which he alleged that the respondent failed to deny certain arguments set forth in the petition and thereby admitted the same; that his prior petition for the writ did not fully present his case; that the instant petition offered new facts; that his application for leave to appeal in forma pauperis from the order of denial in the first case was denied. Further, in his traverse to the return, he attacked the evidence presented by the respondent in the first case resisting the issuance of the writ applied for. He thereafter filed an affidavit to the effect that he applied to the District Court under whose judgment he is incarcerated at Alcatraz, for a writ of coram nobis, and attached to said affidavit papers purporting to be copies (or originals) of those used on the application for said writ. It appears from the record before us that the court declined to issue the writ of coram nobis.

November 9, 1940, the court below entered an order denying the application for the writ of habeas corpus. No hearing was had.

Under the rule of Walker v. Johnston, 312 U.S. 275, 283, 285, 61 S.Ct. 574, 85 L.Ed. 830, the court below was required to grant the petitioner a hearing, if the petition, return and traverse raised substantial issues of fact. 28 U.S. C.A. § 461. It readily is apparent from the recitals in the contents of the petition for a writ of habeas corpus, the return and the traverse, that an issue of fact was raised thereby. It is urged, however, that the appellant had been granted a full hearing on his first petition for writ of habeas corpus. A hearing was granted, it is true, as revealed by the transcript of the first case incorporated in the record before us, but that hearing was had, under an order of reference, before a commissioner of the District Court. This hearing before the commissioner was not such a hearing as met the requirement of the statute, 28 U.S.C. § 461, 28 U.S.C.A. § 461, which directs that "The court, or justice, or judge shall proceed in a summary way to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." In Holiday v. John-

ston, 313 U.S. 342, 61 S.Ct. 1015, 1018, 85 L. Ed. 1392, announced May 26, 1941, the Supreme Court declined to hold that a hearing before the commissioner and his report and appraisal thereof was, "in the light of the purpose and object of the proceeding, the equivalent of the judge's own exercise of the function of the trier of the facts," and refused to sanction "a departure from the plain mandate of the statute * * *."

In the circumstances, therefore, we are left no alternative but to remand the case to the court below for further proceedings in conformity to the rules announced in the Walker and Holiday cases, supra.

Reversed and remanded, with directions.