**DIMENZA v. JOHNSTON, Warden.**

No. 10080.

Circuit Court of Appeals, Ninth Circuit.

Oct. 8, 1942.

---

48

John Bennett King, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., R. B. McMillan and A. J. Zirpoli, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

PER CURIAM.

The Warden petitions for a rehearing on the ground that we have not followed the holding of the Circuit Court of Appeals in McDonald v. Hudspeth, 10 Cir., 129 F.2d 196, decided June 17, 1942, wherein the court considered three counts of an indictment under 12 U.S.C.A. § 588 b(b). In that case a different individual was named in each count as the one whose life was imperiled by the use of a dangerous weapon. It does not appear that the question was involved in the decision of the habeas corpus ·proceeding because in any event the term had not yet expired. Consequently the question as to whether there could have been a sentence of 25 years on each count was not open to the petitioner and was not properly before the court. The sentence for 25 years was clearly justified in that case on one count, and the sentence, if excessive, was void only as to the excess. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. The statement of the court that each count charged a separate offense was not within the issues properly raised by the petitioner in that case and the statement was, therefore, dictum. However that may be, the question was properly before us and we adhere to our view that the crime alleged is one of robbery with a deadly weapon. If the lives of a dozen persons were imperiled the fact that the draftsman chose to name each individual in a separate count rather than to include them all in one count, as was done in Hewitt v. United States, 8 Cir., 110 F.2d 1, 6, did not constitute each count a separate and distinct bank robbery, although, if the offense charged had been that of an assault upon the individual, it would do so.

Petition denied.