## UNITED STATES v. LAWSON.
### No. 8130 Criminal.

District Court, N. D. Texas,
Fort Worth Division.

July 10, 1944.

Clyde O. Eastus, U. S. Atty., and James H. Martin and Cavett S. Binion, Asst. U. S. Attys., all of Fort Worth, Tex., for the Government.

W. C. Austin and Mack Taylor, both of Fort Worth, Tex., for defendant.

WILSON, District Judge.

The question here is what sentence, if any, can be imposed upon defendant at this time? He was charged by informa-

tion in four counts, with violation of 50 U. S.C.A. Appendix § 633, being what we call OPA violations, and contrary to the Second War Powers Act of 1942 and Ration Order No. 5C, as amended.

The defendant personally appeared in open court at Forth Worth on November 30, 1943, and entered his plea of guilty to all counts, and was sentenced by me to serve eight months in the County Jail. On the next day, December 1, after conferring with Government attorneys and agents, I set aside the eight months sentence, and substituted therefor, a four months sentence. On December 14, as I recall, the mother of the defendant, a nice old lady, and the wife of the defendant, a very nice person, practically a child, and being at that time in a delicate condition, called on me to make a plea in behalf of defendant, in substance to this effect: That at the time of his arrest, he had a truck or trucks engaged in South Texas on a construction contract, either on a public works, or in connection with a defense plant, I do not definitely recall which; that he owed considerable money on them, and they were left idle by his arrest and confinement in jail; that if some relief could not be had he would lose his contract, and his entire investment. They were not appealing to me for any change in the sentence, but that he be given a furlough to go to South Texas to procure drivers for the trucks, and to make satisfactory financial arrangements for the period that he would be confined in jail. This was the first time I was aware that his confinement in jail was going to result in a substantial financial loss. In other words, it was something I did not contemplate, which, if true, would in effect substantially add to his punishment. They convinced me fully of the truth of their statements. We sometimes stretch the law somewhat, and grant such furloughs in real emergencies. It complicates and confuses the Marshal's records, however, and as a rule, I do not extend it except when the humanitarian considerations are very great. Instead of granting their request, I decided to fully accomplish their purpose by again reducing the defendant's sentence. I, therefore, had him brought before me on the 14th day of December, and set aside the four months sentence I had entered the 1st of the month, and assessed an hour in jail on the first count, and suspended the imposition of sentence on Counts 2, 3 and 4, and imposed proba-

tion to extend for a period of eighteen months. After the defendant had served the hour in jail, he was discharged, and as far as I know, went to South Texas and took care of those financial matters. All of those sentences were during the same term.

Our experience with the defendant as a probationer was rather exasperating. The Chief Probation Officer was compelled, on account of infractions of the regulations and violations of law, to confine the defendant in jail on several occasions. He was in the jail at the instance of the Chief Probation Officer June 13 of this year. On that date, a writ of habeas corpus was filed in behalf of defendant, raising the question that he was illegally confined in jail, and praying that he be discharged.

■ Four propositions are raised by defendant's counsel. The first one is:

"After the beginning of the service of a sentence imposed by the Court, the Court is without authority to suspend the sentence."

The correctness of that proposition is readily conceded. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; Wilson v. Bell, 6 Cir., 137 F.2d 716.

The second proposition is:

"The Court having set aside all sentence on December 14, 1943, within the term time and gave a sentence of one hour, the defendant having completed that sentence, then the defendant is entitled to be enlarged."

■ That proposition is untenable, and cannot be sustained. It involves the sentencing powers of the Court on December 14 and now, after the term has expired. When the four months sentence theretofore first entered was, on December 14, set aside, though that sentence was a general one on the four counts, after it had been set aside, the Court then had the authority to enter any sentence, within the limits provided by the law, as long as it kept in mind not to increase the original punishment. United States v. Benz, 282 U. S. 304, 51 S.Ct. 113, 75 L.Ed. 354. Of course, this requires taking into account 14 days which he had theretofore served on said four months sentence. The Court could then have entered another general sentence on all counts, or could have treated the counts separately for purposes of punishment, as long as it respected the

limitations mentioned. The right of the Court to set aside the four months sentence is not challenged by either party. It follows, when set aside, with the qualification above indicated, that sentence was wiped out as completely as if it had never existed. This second proposition seems largely to be based on the assumption, either of fact or law, that the Court entered a general sentence of one hour on all counts. That has no foundation in fact or law. On the contrary, the record expressly shows that, the sentence of one hour was under Count 1, and that the suspension of sentence and the imposition of probation, on the other hand, was expressly general under Counts 2, 3 and 4.

▮ The worst that can be said about that probation sentence is that, it was and is illegal, or equivalent to the pronouncement of no sentence at all. There was, nevertheless, in what was done, a judgment of sentence, legal or not, imposed under those three counts.

Assuming the legal effect of the action of the Court was either, the Supreme Court in the case of Miller v. Aderhold, 288 U.S. 206, 53 S.Ct. 325, 77 L.Ed. 702, completely refutes defendant's position. On pages 209 and 211 of 288 U.S., on page 325 of 53 S.Ct., 77 L.Ed. 702, they hold as follows:

"Petitioner seeks a reversal here on the ground that the order of December 10 constitutes a permanent suspension of sentence, void under the decision of this court in Ex parte United States, 242 U.S. 27, 37 S.Ct. 72, 61 L.Ed. 129, L.R.A.1917E, 1178, Ann.Cas.1917B, 355; and that with the expiration of the term the trial court was without power to sentence petitioner. The Solicitor General vigorously opposes the contention that the effect of the order was to suspend sentence permanently; but, without determining that question, we are of opinion that if such was the effect, nevertheless, the court was not deprived of power to impose sentence at a subsequent term. * * *

"If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence."

Now another Supreme Court case quite pertinent on this proposition is Holiday v. Johnston, 313 U.S. 342, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392. It was a habeas corpus proceeding where the prisoner, many years after he had been sentenced, was seeking to have one of the counts upon which he had been convicted, declared invalid. There were only two counts in the indictment. The defendant there admitted that sentence under the first count was valid, but wanted to show that the second one was invalid. Without going into detail, the Supreme Court held that he had pursued the wrong remedy for relief, and in that connection said this:

"His remedy is to apply for vacation of the sentence and for a resentence in conformity with the statute under which he was adjudged guilty."

The remedy here is exactly as there delineated by the Supreme Court, viz.; to apply to this Court to set aside the illegal probation sentence, and to now enter a legal one. Whether defendant seeks it or not, since the question has been raised, that is exactly the power and duty of the Court here. On this point, I will quote from one more authority, being Anderson v. Rives, 66 App.D.C. 174, 85 F.2d 673. That was by the Court of Appeals for the District of Columbia. They held this:

"Criminal judgment which is not in strict accord with statute applicable to crime involved is void.

"Court which has imposed void sentence does not lack power to impose new and valid sentence because of expiration of term."

The third proposition raised by defendant is:

"All counts in the information involving only one offense, to wit a violation of Ration Order C, then one and only one sentence may be imposed, that sentence having been imposed on December 14, 1943, (1 hour in custody of the marshal) the defendant is entitled to be released."

▮ In the first place, this is based on the fallacy that this information, in its four counts, involves but one offense. That contention is denied by the Government, and a reading of the information itself completely refutes it. The first count charged that defendant mutilated seventeen (17) Class "C" Supplemental Mileage

Ration Books. The second count merely charges the unlawful possession of those seventeen (17) Class "C" Supplemental Mileage Ration Books. Those two offenses are charged to have occurred on identical dates, viz., May 22, 1943. The third count charges that on the 18th day of July, 1943, the defendant unlawfully transferred to one, J. W. Fleming, four Class "C" Supplemental Mileage Ration Coupons and nineteen Class "T" Transport Mileage Ration Coupons. The fourth count alleges that on the 5th day of July, 1943, defendant did unlawfully have in his possession eight (8) Class "C" and Class "TT" Gasoline Mileage Ration Coupons, all, as heretofore stated, alleged to be in violation of the Second War Powers Act of 1942 and Ration Order No. 5C.

It is obvious on a bare reading of them that separate and distinct offenses are charged. Only two are even charged to have occurred on the same day. Those were the first two, one, a mutilation of ration books, and the other, the unlawful possession of the same ration books. The situation we have here is similar to forgery. A man might sit down and in one continuous transaction forge half a dozen checks, and he might go to a bank window and, in a continuous transaction, pass each of those forged instruments. He would be properly chargeable with six separate and distinct offenses of forgery, and six separate and distinct offenses of passing forged instruments.

■ There is another complete answer to defendant's proposition three. Assume, for the purposes here, the four counts involved one and the same transaction, it is undisputed that the defendant entered his plea of guilty to them in open court, and in term time took no exception whatsoever to being illegally convicted on any count of the indictment. The question raised here is one of being placed in jeopardy four times for the same offense. The courts uniformly hold that the right of immunity from being placed in jeopardy more than once for the same offense is a personal right, and may be waived by the accused, either expressly or impliedly. McGinley v. Hudspeth, 10 Cir., 120 F.2d 523; United States v. Coy, D.C., 45 F.Supp. 499; Caballero v. Hudspeth, 10 Cir., 114 F.2d 545; Brady v. United States, 8 Cir., 24 F.2d 399; United States v. Harrison, 2 Cir., 99 F.2d 1017; People v. Powers, 272 Mich. 303, 261 N.W. 543; Holiday v. Johnston,

supra. In the latter case, 313 U.S. at page 349, 61 S.Ct. at page 1017, 85 L.Ed. 1392, the Court held:

"The erroneous imposition of two sentences for a single offense of which the accused has been convicted, or as to which he has pleaded guilty, does not constitute double jeopardy."

Of course, the rule applies regardless of their number.

The fourth proposition urged by defendant's counsel is:

"The defendant Lawson having served in and out of jail more than four months, is entitled to be released."

■ I am not sure that I understand what is meant by this proposition, and reading counsel's brief, wherein they elaborate on it, does not in the least clarify the matter. As I view it, a reference to time defendant served out of jail could only have reference to the period he was out on probation, and by counting that time, and they do not undertake to furnish it to me, together with the time he actually served on the four months sentence, equals or exceeds four months, and therefore, he is now entitled to be discharged. On the other hand, with reference to that probation sentence, they take the position it was a nullity, and I have held with them. An old adage appears to be quite applicable here that, we cannot have our cake and eat it, too. If that is their proposition, I am not holding that it is exactly absurd, but, of course, am overruling it.

■ Under the authorities, I am at liberty to now impose a sentence on Counts 2, 3 and 4. I could assess any punishment on those counts, if in the aggregate it decreases the prior four months sentence, taking into account the 14 days service under it, and the service of the one hour sentence of December 14. The one day defendant served in jail November 30 to December 1, 1943, inclusive, may not be taken into account, since the action of the Court on December 1st, in the reduction of the sentence, in its effect, was to forgive to defendant substantially four months of the original eight months sentence.

■ The probation officers were fully justified in all they did under the probation sentence entered by me. I am responsible for all the stretching of the law that has happened in this case. However, since I was without authority to enter probation,

668

as a matter of justice, in a narrow sense, I am going to allow defendant credit for all the time he was in jail upon the initiative of the probation officers. Defendant could not legally demand it. But it is within the discretion of the Court, as a reduction of the preceding sentence, if the Government should except to such allowance.

I haven't the data with me where I am dictating this opinion, to enable me to figure the time. I will leave it to the attorneys for the parties. If it appears, counting all of the allowable days indicated, that he has served as much as four months, I would want a judgment drawn, discharging him. On the other hand, if it counts up less than the four months, I want a judgment drawn, sentencing him to the particular number of days in jail that it would take to approximately make up the four months. I would want the time calculated on the basis that one hour or any fraction of a day kept in jail would be treated as a full day. In other words, to be meticulous in observance of the Benz case, I would want the judgment to show my present sentence to be a decrease of the four months sentence, even if only a day or two.

A judgment may be drawn accordingly, as to the sentence, and submitted to me for my signature.[1]

---

[1] The judgment entered imposed a sentence of fifty-five (55) days in the Tarrant County jail.