**WOOD v. HOWARD.**

No. 9066.

Circuit Court of Appeals, Seventh Circuit.

Nov. 14, 1946.

Forest G. Wood, of Michigan City, Ind., pro. per.

James A. Emmert, Atty. Gen., Frank E. Coughlin and George W. Hadley, Asst. Attys. Gen., and Karl J. Stipher and Forrest W. Lacey, Jr., Dep. Atty. Gen., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

This is an appeal from a judgment of the District Court for the Northern District of Indiana denying the petitioner's application for a writ of habeas corpus. A trial was had before the District Court at which the petitioner acted as his own counsel. In his petition the petitioner contends that in violation of the Fourteenth Amendment to the Federal Constitution, the State had denied him due process of law in that he had been denied the right to counsel and to a trial by jury, and in that a confession had been improperly obtained from him.

The facts revealed at the hearing in the District Court were that on the evening of December 12, 1936, the petitioner returned to his home in an intoxicated condition and killed his wife. Realizing what he had done, he attempted to commit suicide by cutting his throat and he was taken to the hospital.

The prosecuting attorney visited the petitioner in the hospital on December 13, at which time the petitioner asked him what the charges would be against him and the penalty if he was convicted. He was told the penalty for first and for second-degree murder. On December 15 the prosecutor visited him again and asked if he wanted an attorney. The petitioner replied that he had no attorney; that he had committed the crime, and that he did not want an attorney. On December 17 the prosecutor returned and took a written statement from the petitioner as to the facts surrounding the homicide. There was not the slightest evidence that he was harassed or coerced into making this statement. It was voluntarily made, and after being reduced to writing was read to him and then handed to him for reading

himself. Thereafter the petitioner voluntarily signed the statement. The prosecutor next saw him in the courtroom.

While the petitioner was still in the hospital he requested the sheriff to send him an attorney, one W. O. Smith, who came to the hospital and later to the jail to see him. One of the petitioner's brothers also visited him at the hospital. He was removed to the jail on December 23.

Smith was an experienced, reputable attorney, but at the time of this hearing in the District Court he was in bad health and feeble in mind.

Smith visited the prosecutor's office and talked with him about the case. Smith was advised that the charge was first-degree murder and that if a trial were had, the prosecutor would insist on a penalty for first-degree murder; but if a plea of guilty was had to the indictment, he would recommend a sentence for second-degree murder. After reading the statement made by the petitioner, Smith stated that he could not see that an attorney could be of much service to the petitioner, that he believed the State was very fair in agreeing to accept a plea of second-degree murder, and that he would advise the petitioner to plead guilty.

The petitioner was presented in court for arraignment on December 23, at which time he was in possession of his normal faculties. He was not accompanied by Smith or any other attorney. The indictment was read to him. The judge asked him if he had counsel. The petitioner said Smith had been counselling with him. The judge asked him if he wanted an attorney in court. The petitioner said that he did not. The judge advised him that he was charged with a capital offense; that he was entitled to representation by counsel and that if he did not have counsel the State would appoint counsel for him; and that he was entitled to a trial by jury. The petitioner requested and was granted a day's time to consider and determine what his plea should be. He was returned to jail. Smith visited him in the jail that evening.

Upon being presented again in court on December 24, he advised the court that he had thought the matter over and wished to enter a plea of guilty. He did not request the services of an attorney. Upon his plea of guilty to second-degree murder, the court sentenced him to life imprisonment in the State Prison at Michigan City, Indiana, where he is now serving and from which sentence he seeks release.

■ That one is entitled to an attorney when charged with a crime and to a jury trial may, as a general proposition, be conceded; but it is equally true that such rights may be knowingly and intelligently waived. Adams, Warden, et al. v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268; Betts v. Brady, Warden, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595; Earl W. Hoelscher v. Ralph Howard, Warden of the Indiana State Prison, 7 Cir., 155 F.2d 909.

■ After a fair, thorough, and considered hearing before the District Court, the court denied the petition. There is ample evidence in the record to support this finding and judgment of the District Court and it will not be disturbed on appeal. Williams v. Dowd, 7 Cir., 153 F.2d 328; Sullivan v. Hunter, Warden, 10 Cir., 141 F.2d 7; Macomber et al. v. Hudspeth, Warden, 10 Cir., 115 F.2d 114.

■ While it does not affect the rights of the petitioner in this cause, the District Court should have made findings of fact and stated its conclusions of law thereon. Holiday v. Johnston, 313 U.S. 342, 353, 61 S.Ct. 1015, 85 L.Ed. 1392.

We find no error in the record, and the judgment is affirmed.