**TUCKER et al. v. HOWARD, Warden.**

No. 9818.

United States Court of Appeals
Seventh Circuit.

Oct. 26, 1949.

Felix Visk, Chicago, Ill., for appellants.

J. Emmett McManamon, Attorney General, Merl M. Wall, Deputy Attorney General, Charles F. O'Connor, Deputy Attorney General, for appellee.

Before MAJOR, Chief Judge, and DUFFY and FINNEGAN, Circuit Judges.

DUFFY, Circuit Judge.

This is a combined appeal from orders of the district court denying petitions for writs of habeas corpus. The district court issued a certificate of probable cause. Petitioners are presently confined in the Indiana State Prison at Michigan City, Indiana, pursuant to judgment of conviction and sentence rendered against each of them by the Superior Court of Grant County, Indiana. Petitioners were charged with burglarizing the building of a hunting and fishing club near Marion, Indiana, and with taking goods of sufficient value to constitute grand larceny. Each petitioner received a sentence of from two to five years on the burglary charge, and from one to ten years on the charge of grand larceny.

Petitioners claim they were denied due process of law required by the XIV Amendment to the Constitution of the United States. They assert the well established principle of law that due process under the XIV Amendment requires that all persons charged with crime shall be entitled to counsel where the circumstances are such that the defendant could not present an adequate defense without the aid of counsel. Avery v. Alabama, 308 U.S. 444, 445, 60 S.Ct. 321, 84 L.Ed. 377; Foster et al. v. Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955; Bute v. Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986. The only denial of due proces here complained of was the lack of adequate legal counsel.

Lack of counsel in and of itself does not constitute a violation of the due process clause, but such a deficiency under conditions which render the advice of adequate legal counsel necessary to the conduct of a fair hearing is such a violation. Foster v. Illinois, supra; Bute v. Illinois, supra. We shall, therefore, examine the circumstances surrounding the pleas of guilty entered by these petitioners.

In the act of making the arrest of petitioner Tucker, deputy sheriff Smith shot and killed deputy sheriff Williams, who was assisting him. Smith was an ex-convict who had known and quarreled with Tucker when both had been confined earlier in an Indiana penal institution. Tucker was in no way responsible for the death of deputy sheriff Williams, except that his arrest was the occasion of the unfortunate mishap. Petitioners claim that this shooting created a great public furor, and that as a result the police authorities of Grant County determined to convict the petitioners as speedily and with as little formality as possible.

Shipley had been arrested several days prior to Tucker's arrest. While awaiting hearing, both were subjected to repeated questioning by the police authorities. Tucker testified he was permitted to see no one until he had signed a statement. He further testified he was threatened with prosecution as an habitual criminal if he did not confess. And Shipley testified he was led to believe, through conversation with jail attendants and because he heard a woman screaming in another part of the jail, that his mother was being held in jail and would be so held until he signed a statement. There was additional evidence that Shipley's mother was in fact confined in jail without charge.

The arraignment hearing before Judge Oren W. Dickey was held about a week after the arrest of petitioners. Tucker had employed Ralph Pack, an attorney, to represent him, and they had two conferences at the jail prior to the hearing. Tucker testified that after the second conference,

Attorney Pack told him he could not help him, and charged him a fee of $5 for the two conferences. Shortly before the court hearing Attorney Charles Garrison attempted to interview petitioner Shipley. Garrison had been employed by a Mrs. Liestenfeltz, who was a friend of Shipley. Although the sheriff at first demurred, a conference was permitted, but Shipley told Garrison he did not want his services. At the habeas corpus hearing in the district court, Shipley testified he had done this because the sheriff had threatened to re-arrest his mother, and that he also had been threatened with prosecution as an habitual criminal.

At the arraignment hearing Judge Dickey asked petitioner Shipley if he desired counsel, and upon being advised in the affirmative appointed Attorney Ralph Pack to represent him. It was the judge's understanding that Pack had been employed by Tucker to represent him, and that he was continuing in that capacity. Attorney Pack accepted his appointment. At the habeas corpus hearing a sharp conflict as to what occurred next marks the testimony, but at any rate the defendants each entered a plea of guilty at the arraignment, after the charges had been read to them. At the habeas corpus hearing each testified he entered a guilty plea because of his previous confession and the statement he had signed.

At the habeas corpus hearing in the district court, the petitioners were well represented by the public defender. Petitioners and others gave conflicting oral testimony, to wit: Shipley insisted he had never conferred with Attorney Pack, and Tucker insisted he had no conference with Attorney Pack after having terminated his services after the second jail conference. Both petitioners contended that Attorney Pack did not speak to or confer with them at all after the judge appointed Pack to represent Shipley at the arraignment hearing, and that Pack did not, in fact, say a word upon the arraignment hearing. Oral testimony to the contrary—that Attorney Pack conferred with petitioners for five to ten minutes in the judge's chambers adjacent to the court room, just prior to the time the pleas were entered—was received from Prosecutor A. Bonner Brown, and Court Bailiff Jesse Ruby. At the conclusion of the hearing the district judge gave the public defender 30 days to advise whether additional evidence would be desirable. He had also indicated an interest in hearing the testimony of Judge Dickey and Attorney Pack.

The habeas corpus hearing was held on September 17, 1948. On November 5, the affidavits of Rev. Ora Simmons, a former deputy sheriff, of Ada Miles, a sister of petitioner Shipley, of Betty Shipley, sister-in-law of Shipley, of Frances Shipley, his mother, and of Pauline Leistenfeltz were filed. All stated that they were in court upon the arraignment and that neither petitioner at any time left the court room for a conference with Attorney Pack. On November 22, 1948, the affidavits of Judge Oren W. Dickey, of Attorney Ralph Pack, and of three deputy sheriffs, Herbst, McCracken and Reppert, were filed, all of whom stated that the petitioners did have a conference of from five to ten minutes duration, in a room adjoining the court room, just prior to the time petitioners entered their pleas.

Under such circumstances, it is unfortunate that the district judge did not make findings following the habeas corpus hearing. He should have done so. In Holiday v. Johnston, Warden, 313 U.S. 342, at pages 353-354, 61 S.Ct. 1015, at page 1019, 85 L.Ed. 1392, a habeas corpus case, the court said: "* * * The District Judge should himself have heard the prisoner's testimony and, in the light of it and the other testimony, himself have found the facts and based his disposition of the cause upon his findings. * * *" A reasonable construction of this language means that the judge in a habeas corpus proceedings should make and file findings of fact and conclusions of law. Furthermore, considering the new Code provision, 28 U.S. C.A. § 2244, that a judge shall not be required to entertain an application for a writ of habeas corpus if it appears that the legality of such detention has been determined by a judge or a court of the

United States on a prior application for such a writ and the petition presents no new ground not theretofore presented, it is more important than ever before that the court make findings of fact and state its conclusions of law, so that another judge or court before whom a petition is pending may know definitely what grounds for relief have been theretofore considered.

■ But in any event, it is the law of this circuit that in granting or denying a writ of habeas corpus, the judge or court should make findings of fact and state conclusions of law thereon. Wood v. Howard, 7 Cir., 157 F.2d 807, 808. With the testimony in this record so contradictory on the critical point, this court should have the benefit of the judge's findings of fact and conclusions of law.

The orders denying the petitions for a writ of habeas corpus will be reversed, and this case remanded in order for the district judge to make and file findings of fact and conclusions of law herein, which shall include the question of whether petitioners to the required extent have exhausted their State court remedies.

■ A motion by petitioners that this court remand the case for further hearing is also before us. Such motion is based upon a letter from Sheriff Puckett of Grant County, Indiana, saying that he had talked with former deputy sheriff Owen Reppert, who now states that the petitioners did not leave the court room on the day of and prior to arraignment, and go into another room. This is exactly contrary to the statement made by Reppert in his affidavit which was considered by the district court. In as much as the orders denying the petitions for writs of habeas corpus have been vacated, the district judge would have the right, if he so desired, to hear further testimony. However, the motion for a mandate requiring the district judge to consider further testimony will be denied.

Petitioners have been represented by Attorney Felix Visk, who was appointed by this court. We greatly appreciate the energetic and capable manner in which he has presented the case.

Reversed and remanded, with instructions to the district judge to prepare and file findings of fact and conclusions of law, and to proceed further, consistently with this opinion.