**Malcolm GRAY, III, Petitioner,**

v.

**James ROSE, etc., et al., Respondents.**

Civ. A. No. 3–83–0007.

United States District Court,
M.D. Tennessee,
Nashville Division.

Jan. 4, 1983.

On Motion For New Trial Feb. 1, 1983.

Supplemental Memorandum And Orders
June 6, 1983.

Malcolm Gray, pro se.

John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, Senior District Judge.

The petitioner Mr. Malcolm Gray, III, applied *pro se* for the federal writ of habeas corpus, claiming that he is in the custody of the respondent-warden pursuant to the judgment of April 3, 1980 of the Criminal Court of Montgomery County, Tennessee, in violation of his federally-guaranteed rights against self-incrimination, Constitution, Fifth Amendment;[1] to the assistance of counsel, Constitution, Sixth Amendment;[2] against the introduction against him at his trial of evidence obtained by an unreasonable search and seizure, Constitution, Fourth Amendment;[3] and to trial by an impartial jury, Constitution, Sixth Amendment.[4] 28 U.S.C. § 2254(a). He claims the exhaustion of his available state-remedies in an appeal of his judgment of conviction and, upon its affirmance on February 3, 1982 by the Court of Criminal Appeals of Tennessee, by applying unsuccessfully to the Supreme Court of Tennes-

---

1. "No person shall be * * * compelled in any criminal case to be a witness against himself * * *." Constitution, Fifth Amendment, *supra.*

2. "In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence." Constitution, Sixth Amendment, *supra.*

3. "The right of the people to be secure in their * * * houses * * * and effects, against unrea-

sonable searches and seizures, shall not be violated * * *." Constitution, Fourth Amendment, *supra.*

4. "In all criminal prosecutions, the accused shall enjoy the right to a * * * trial, by an impartial jury * * *." Constitution, Sixth Amendment, *supra.*

see for permission to appeal further. 28 U.S.C. §§ 2254(b), (c).

Annexed to such petition is the applicant's affidavit that he is unable to pay the fees and costs hereof or give security therefor and his belief that he is entitled to redress. 28 U.S.C. § 1915(a). Accordingly, he hereby is

AUTHORIZED to commence and prosecute this proceeding without prepayment of fees or costs or the giving of security therefor. *Id.*

The applicant's claim of deprivation of his rights against self-incrimination and to the assistance of counsel relate to a purported confession of the crime charged to law-enforcement officials. It appears from the exhibits annexed to the applicant's petition that the first aforenamed Court hereinabove in *State of Tennessee v. Malcolm Gray, III.* determined factually after a hearing on the merits that he was not so deprived. That determination is evidenced by the written opinion of March 24, 1982 of the Court of Criminal Appeals of Tennessee disposing of the applicant's and his (then) co-defendant's petition for a rehearing in *State of Tennessee*, appellee, *v. Malcolm Gray, III., and Larry Simpson*, appellants, no. 80–184–III (Montgomery County), and is presumed to be correct. 28 U.S.C. § 2254(d).[5]

The applicant is in vigorous disagreement with the determination thus made as well as with the conclusion of *law* thereon by the Court of Criminal Appeals of Tennessee, claiming that the latter tribunal sought thereby " * * * to make a new rule in regards [sic] to the decision in *Miranda* [*v. State of Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) ], as appears from the opinion of the Criminal Court of

Appeals [of Tennessee] filed March 24, 1982, on petitions [sic] petition to rehear. * * * *"

The State-Court concluded on all the evidence and the totality of the circumstances revealed in an adversary hearing between the applicant and the state of Tennessee that the confession of Mr. Gray, III. was voluntary; obviously, if his confession was voluntary, it did not constitute testimony he was compelled in a criminal case to give as a witness against himself, *see* Constitution, Fifth Amendment, *supra.* This met the requirements of the federal habeas corpus statute, providing *inter alia* that the State-Court's determination made on the merits of the factual issue after a hearing and evidenced by adequate written indicia is to be presumed correct. *Cf. LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1979).

■ For such reason, this Court cannot entertain the applicant's claim of deprivation under the Constitution, Fifth Amendment, and Sixth Amendment (Assistance of Counsel Clause). Neither can his claim under the Constitution, Fourth Amendment, be entertained:

" * * * A claim of illegal search and seizure under the [Constitution,] Fourth Amendment[,] is crucially different from many other constitutional rights; ordinarily the evidence seized can in no way have been rendered untrustworthy by the means of its seizure and indeed often this evidence establishes beyond virtually any shadow of a doubt that the defendant is guilty. * * *" *Kaufman v. United States*, 394 U.S. 217, 237, 89 S.Ct. 1068, 1079, 22 L.Ed.2d 227 (1969) (from the dissent of the late Justice Black). In quoting approvingly from that

---

**5.** The applicant asserts: no claim that the merits of the factual dispute were not resolved in his State-Court trial; that the factfinding procedure employed by such Court was inadequate to afford a full and fair hearing; that such Court lacked jurisdiction over the person of the applicant in the State-Court proceedings or of the subject-matter thereof; that he was without counsel to represent him in such proceeding; that he did not receive a full, fair, and adequate hearing in such State-Court proceeding; or that he was denied otherwise due process of law therein. See 28 U.S.C. §§ 2254(d)(1)–(7), inclusive. Neither was that part of the record of such proceeding in which such determination of such factual issue was made, pertinent to the sufficiency of the evidence to support such factual determination, produced. 28 U.S.C. § 2254(d)(8).

dissent, the Supreme Court observed subsequently *inter alia:*

The disparity in particular cases between the error committed by the police officer and the windfall afforded a guilty defendant by application of the rule [excluding all evidence of the fruits of an unlawful search] is contrary to the idea of proportionality that is essential to the concept of justice.

*Stone v. Powell,* 428 U.S. 465, 490, 96 S.Ct. 3037, 3050, 49 L.Ed.2d 1067 (1976).

[I]n the case of a typical Fourth Amendment claim, asserted on collateral attack [such as the applicant seeks to do here], a convicted defendant is usually asking society to redetermine an issue that has no bearing on the basic justice of his incarceration.

*Ib.,* 428 U.S. at 491, n. 31, 96 S.Ct. at 3051, n. 31. Thus,

where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim [footnote reference omitted], a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.

*Ib.,* 428 U.S. at 494, 96 S.Ct. at 3052[8].

The applicant contends that " * * * no hearing was conducted on the admissibility of this shotgun [which was the evidence he claims was obtained in an unconstitutional search and seizure and was introduced at his trial]." Nevertheless, he conceded that, in a related matter, the Supreme Court of Tennessee had ruled " * * * that petitioner had consented to the search in which the shot-gun had been found. * * *" Obviously, again, the federal constitutional right of the applicant in this regard was considered and adjudicated by the courts of Tennessee.

It is clear that: " * * * A search to which an individual consents meets Fourth Amendment requirements, *Zap v. United States,* 328 U.S. 624, 66 S.Ct. 1277, 90 L.Ed. 1477. * * *" *Katz v. United States,* 389 U.S. 347, 358, n. 22, 88 S.Ct. 507, 515, n. 22[22], 19 L.Ed.2d 576 (1967). Further-

more, the shotgun in question was found by a child of less than the legal age, not by a law-enforcement official: ." * * * The essential purpose of the proscriptions in the Fourth Amendment is to impose a standard of 'reasonableness' [footnote reference omitted] upon the exercise of discretion by government officials, including law enforcement agents, in order ' "to safeguard the privacy and security of individuals against arbitrary intrusions...." ' * * * " *Delaware v. Prouse,* 440 U.S. 648, 653–654, 99 S.Ct. 1391, 1396[3], 59 L.Ed.2d 660 (1979).

The procedural vehicle utilized by the applicant as to his claim on his trial of unconstitutional deprivation of his guaranty of a right to trial by an impartial jury, Constitution, Sixth Amendment, *supra,* was his motion for a change of the venue of his trial; he maintains his jury was not " * * * free from outside influence, by way of massive prejudicial media coverage. * * * "

Again, in the aforementioned hearing, a factual determination was made on the merits of the applicant's objection to such venue and was found by the State-Court to be without merit. Addressing this issue on the applicant's petition for a rehearing, the Court of Criminal Appeals of Tennessee stated: the applicant's " * * * venue issue * * * was treated in our original opinion and we see no reason why it should be re-considered. * * * " *State of Tennessee,* appellee, *v. Malcolm Gray, III., and Larry Simpson,* appellants, *supra.* That determination, falling within the scope of the applicant's allegations herein, must be presumed also to have been correct. 28 U.S.C. § 2254(d), *supra.*

On preliminary consideration of the applicant's original petition and the exhibits annexed thereto, the Court examined *Malcolm Gray,* plaintiff, *v. James Rose, et al.,* defendants, no. 81–3809, and *Ray Darris Thompson, et al.,* plaintiffs, *v. James Rose, etc., et al.,* defendants, no. 82–3151, both this District and Division. Mr. Gray, III. was a co-plaintiff of Mr. Thompson. Both such actions were brought under the provi-

sions of 42 U.S.C. § 1983. Any doubt as to whether either thereof constitutes a successive application under 28 U.S.C. § 2244(a) was resolved in favor of this applicant. *Sanders v. United States*, 373 U.S. 1, 16, 83 S.Ct. 1068, 1977[11], 10 L.Ed.2d 148 (1963). Even so, it appears plainly from such examination and consideration of such petition facially and its annexed-exhibits that the applicant is not entitled to any relief in this Court. Rule 4, 28 U.S.C. fol. § 2254. The application of the petitioner, therefore, hereby is

DISMISSED summarily. *Id.* The petitioner will be so notified. *Id.* Copies of such petition and of this order shall be served by the clerk by certified mail on the respondent-warden and the attorney general and reporter of Tennessee. *Id.*

Should the petitioner give timely notice of an appeal, Rules 3, 4, Federal Rules of Appellate Procedure, from the judgment to be entered herein, Rule 58(1), Federal Rules of Civil Procedure, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause. Rule 22(b), Federal Rules of Appellate Procedure. Because of the fact that the applicant is a convicted murderer sentenced to a term of life-imprisonment, in that event, such certificate will ISSUE. *Id.*

### On Motion for New Trial

The petitioner was denied all relief on his application for the federal writ of habeas corpus. *See* memorandum opinion, order and certification and judgment thereon of January 4, 1983 herein. The applicant served timely a motion for a new trial. Rules 59(a), (b), F.R.Civ.P.

The essence of the relief requested by the applicant was for a rehearing or reconsideration of the aforementioned judgment. *Cf. Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 262 n. 5, 98 S.Ct. 556, 559 n. 5, 54 L.Ed.2d 521 (1978), *reh. den.* 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978). The applicant asserts therein that he failed to allege in his original petition, that he did not receive a full, fair and adequate hearing on his claims to the Criminal Court of Montgomery County, Tennessee of violations of his rights against self-incrimination, to the assistance of counsel, and to an impartial jury and that he was denied an opportunity in his trial before the same Court for full and fair litigation of his claim of violation of his right against an unreasonable search and seizure of a shotgun, because he was confused in that regard by the form no. 241 (2/77) he was required to utilize, Rule 2(c), 28 U.S.C. fol. § 2254; he claims such hearings were not full, fair, and adequate, 28 U.S.C. § 2254(d)(6), and that he was denied the opportunity for full and fair litigation of his claim under the Constitution, Fourth Amendment, *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052[8], 49 L.Ed.2d 1067 (1976).

Because of such failure, this Court did not consider and rejected summarily those matters initially. The applicant is entitled to the opportunity to show under his amended petition that the ends of justice would be served by permitting further consideration of those grounds he neglected to allege. *Sanders v. United States*, 373 U.S. 1, 16–17, 83 S.Ct. 1068, 1078[13], 10 L.Ed.2d 148 (1963) ("Even if same ground was rejected on merits in prior application for federal collateral relief, it is open to applicant to show that ends of justice would be served by permitting redetermination of the ground, but burden is on applicant so to show.")

Such a *pro se* petition is held " * * * to less stringent standards than formal pleadings drafted by lawyers * * *." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596[2], 30 L.Ed.2d 652 (1972), *reh. den.* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972). Here, under the proposed amendment, " * * * liberty is at stake and infringement of constitutional rights is alleged * * *," *Sanders v. United States, supra*, 373 U.S. at 8, 83 S.Ct. at 1073[2]. The proposed amendment hereby is ALLOWED, Rules 15(a), (c), 81(a)(2), F.R.Civ.P., such judgment hereby being VA-

CATED for that purpose. *Holiday v. Johnston,* 313 U.S. 342, 350, 351, 61 S.Ct. 1015, 1017, 1018, 85 L.Ed. 1392 (1941) (Even if a *pro se* petition for habeas corpus is insufficient in substance, " * * * it may be amended in the interest of justice * *," if such amendment may render it meritorious, *Gordon v. Leeke,* 574 F.2d 1147, 1151–1152[2] (4th Cir.1978), *cert. den.* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978); and the Court should advise the litigant how to proceed, *id.* )

The applicant must now show, under his amended petition, *how* the ends of justice *will* be served by further consideration of his constitutional claims, in two separate categories. The first of these relate to his claims of deprivation regarding:

(a) his right to the assistance of counsel and against self-incrimination, and,

(b) his right to an impartial jury as exemplified in the action of the Criminal Court of Montgomery County, Tennessee on his motion for a change of the venue of his trial:

The applicant did *not* receive a full, fair and adequate hearing on each of those contentions and may be entitled to an evidentiary hearing in this Court *only if* he shows:

(1) the merits of each such factual dispute were not resolved in the Criminal Court of Montgomery County, Tennessee;

(2) the factual determinations as to each by such Court is not supported fairly by the record as a whole;

(3) the fact-finding procedure employed by such Court is not adequate to afford him a full and fair hearing on each;

(4) the applicant has newly-discovered evidence of a substantial basis to offer as to either or both;

(5) the material facts were as to each were not developed adequately in such Court; or,

(6) it appears for some specific reason that such Court did not afford the applicant a full and fair hearing.

*See Townsend v. Sain,* 372 U.S. 293, 313, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963). The applicant will amend further his petition to show precisely *HOW* he claims he did not receive a full, fair, and adequate hearing on each of the immediately foregoing federal constitutional issues.

The second showing is markedly different: the applicant must show that he was not given by the Criminal Court of Montgomery County, Tennessee:

(a) the opportunity *for* full and fair litigation of his claim of deprivation of his right against unreasonable search and seizure; or,

(b) although he was provided such an opportunity, there was not a *full* litigating of such claim of his; or,

(c) although he was provided such an opportunity, there was not a *fair* litigating of such claim of his.

*Stone v. Powell, supra,* 428 U.S. at 494, 96 S.Ct. at 3053[8]. The applicant will amend further his petition to show precisely *HOW* he claims he was not provided by the state of Tennessee the opportunity for full and fair litigation of his claim under the Constitution, Fourth Amendment, and whether he claims the decision thereon of the Criminal Court judge was one of fact, one of law, or one of both fact and law.

It should be understood that, at this juncture, as to the applicant's claim of unreasonable search and seizure, this Court will not decide whether he was deprived of his guaranteed right under the Constitution, Fourth Amendment, *supra:* only whether the state of Tennessee afforded him a full and fair litigation of the factual issues underlying that claim. If he had no opportunity for full and fair litigation thereof, he " * * * will not be denied relief * * * " again at that point, *O'Berry v. Wainwright,* 546 F.2d 1204, 1211 (5th Cir.1977); but if he was afforded an opportunity for such full and fair litigation, he will be denied relief as to the issue under his present motion.

It should be understood furthermore that, as to the applicant's claims of deprivation of his rights against self-incrimination,

to the assistance of counsel, and to an impartial jury, this Court will not decide at this juncture whether he was deprived of such guaranteed rights under the Constitution, Sixth and Fourteenth Amendments: only whether the Criminal Court of Montgomery County, Tennessee afforded him full, fair, and adequate hearings on those claims. 28 U.S.C. § 2254(d)(6). If each such hearing was full, fair and adequate, he will be denied relief again as to those issues under his motion; but, if each such hearing was not full, was unfair, or was inadequate, this Court may then:

" * * * defer to the state court's findings of fact, [but] * * * not defer to its findings of law. It is the [federal] district judge's duty to apply the applicable federal law [in that event] to the state court fact findings independently. The state conclusions of law may not be given binding weight on [federal] habeas. * * * "

*Townsend v. Sain, supra,* 372 U.S. at 318, 83 S.Ct. at 760.

The applicant, challenging in his present amendment the sufficiency of the evidence adduced in such proceedings of the Criminal Court of Montgomery County, Tennessee, to support its respective determinations of the issues described hereinabove, alleged that, because of indigency and his incarceration, he is unable to produce those parts of the record pertinent to a determination of such sufficiency of the evidence to so support such determinations. 28 U.S.C. § 2254(e). Therefore, upon the filing of the additional amendments, *supra,* by the applicant, the attorney general and reporter of Tennessee hereby is

DIRECTED to produce such parts of the record. *Id.*

The applicant claims also the appeal of his judgment of conviction. The respondent shall respond to the allegations of the applicant's petition, as amended finally, and file copies of all relevant opinions of the trial or any appellate Court of Tennessee therewith. Rule 5, 28 U.S.C. fol. § 2254.

The applicant, seeking relief under 28 U.S.C. § 2254, *supra,* this Court hereby

DETERMINES that the interests of justice require that he be furnished with legal representation. 18 U.S.C. § 3006A(g). Good cause is seen for the appointment of Thomas E. Fox, Esq., retired (1971) deputy attorney general of Tennessee, to this representation because of the procedural intricacies involved and his wide experience in such matters. 18 U.S.C. § 3006A(b). The clerk hereby is DIRECTED to furnish such counsel forthwith with a complete copy of the file herein.

## SUPPLEMENTAL MEMORANDUM AND ORDERS

The petitioner applied for habeas corpus relief which was denied. Memorandum opinion, order and certificate of January 4, 1983. That judgment was vacated on February 1, 1983 for the sole purpose of allowing the petitioner to amend his application if it were determined, in the interest of justice, that such amendment would render his application meritorious.

The Court advised the litigant how he should proceed in showing the merit of his amended petition, *i.e.,* how the ends of justice would be served by further consideration of his constitutional claims of deprivation of his rights to the assistance of counsel and against self-incrimination and of his right to an impartial jury because he did not receive a full, fair and adequate hearing on each of those contentions in the state Court; how he was not given in such Court the opportunity for full and fair litigation of his claim of deprivation of his right against unreasonable search and seizure (or that there was not such full litigation thereof or fair litigation thereof). The Court also directed the attorney general and reporter of Tennessee to expand the trial- and hearings-record as well as copies of all prior relevant judicial opinions. Finally, this Court appointed distinguished counsel to represent the applicant, as an indigent.

Even so, the petitioner has not shown that the ends of justice will be served by permitting further consideration of the ad-

ditional grounds for relief he neglected to allege in his original petition. (Although invited so to do, the petitioner proposed no further amendments to his application.)

Therefore, this Court readopts for entry its summary dismissal of the petitioner's application, as since amended, of January 4, 1983, *supra,* and recertifies its certificate of probable cause of that date. It hereby is

ORDERED:

(1) that the petitioner and his counsel be so notified forthwith by the clerk of this Court, and

(2) that copies of this order be served by such clerk forthwith by certified mail on the respondent-warden and the attorney general and reporter of Tennessee. Rule 4, 28 U.S.C. fol. § 2254.