## BEHRENS v. HIRONIMUS, Warden.
### No. 5683.

Circuit Court of Appeals, Fourth Circuit.
Feb. 18, 1948.

Wilbur V. Keegan, of Detroit, Mich. (B. F. McGinnis, of Charleston, W. Va., on the brief), for appellant.

A. Garnett Thompson, Asst. U. S. Atty., of Charleston, W. Va. (Leslie E. Given, U. S. Atty., of Charleston, W. Va., on the brief), for appellee.

Before PARKER, SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

On August 24, 1943, Theresa Behrens (hereinafter called petitioner) was arrested in Detroit, Michigan, on a warrant charging her with the substantive offense of unlawfully disclosing information affecting the national defense in violation of the Espionage Act of 1917, 50 U.S.C.A. § 32. She was taken before a United States Commissioner, entered a plea of not guilty, and upon default of bail she was committed to custody. The record of this proceeding before the Commissioner does not satisfactorily disclose whether she was represented by counsel at this time or whether she was informed of her right to retain counsel. In an affidavit, however, petitioner states that the Commissioner asked her if she wanted a lawyer, to which she replied: "I don't know yet."

Thereafter, on September 17, 1943, petitioner, together with seven others, including Marianna von Moltke, was indicted by a federal grand jury for the Eastern District of Michigan, Southern Division. The charge was that in violation of 50 U.S.C.A. § 34, they conspired to communicate and deliver to the government of the German Reich vital information concerning the national defense of the United States. On the same day the charge before the Commis-sioner of the substantive crime of espionage (50 U.S.C.A. § 32) was dismissed.

On October 2, 1943, the petitioner appeared before the District Court of the United States for the Eastern District of Michigan, Southern Division, and by leave of the Court withdrew her plea of not guilty and entered a plea of guilty to the indictment. The order of the court allowing this change of plea does not disclose whether petitioner was represented by counsel or whether she was advised of her rights and offered the assistance of counsel.

Finally, on March 25, 1944, by order of court the petitioner was sentenced to serve twenty years in the penitentiary for the offense to which she had pleaded guilty as charged in the indictment. This order of March 25, 1944, recites that petitioner, at the time of sentence, was "advised of her constitutional right to counsel and having been asked whether she desired counsel assigned by the Court, replied that she did not."

Pursuant to this sentence, petitioner was committed to the custody of the respondent, Warden of the Federal Reformatory for Women, at Alderson, West Virginia. On September 26, 1947, through counsel, petitioner filed an application and a petition (which were treated by the court below as one instrument) in the District Court of the United States for the Southern District of West Virginia, praying for the issuance of a writ of habeas corpus in order that she might obtain her discharge from the custody of the respondent.

Among other things, the petition asserted that the petitioner was denied the benefit of counsel at the time she entered her plea of guilty to the indictment and that she was induced to plead guilty because of fraud, intimidation and false promises on the part of agents of the United States. The lower court was of the opinion that these assertions were not supported by sufficient allegations of fact, and it ordered that within thirty days the petitioner produce affidavits of additional facts or the petition would be summarily dismissed. Counsel for the petitioner, however, stated that petitioner did not desire to avail herself of the opportunity to produce further facts, but elect-

ed to stand upon the petition as presented. Thereupon the lower court, upon the motion of the respondent, dismissed the petition for habeas corpus. From this order of dismissal, an appeal has been taken to us.

In an opinion announced January 19, 1948, the Supreme Court of the United States, in Von Moltke v. Gillies, 68 S.Ct. 316, reviewed in a habeas corpus proceeding the circumstances surrounding the arrest, indictment, conviction and sentence of Marianna von Moltke, who was arrested at the same time and indicted in the same indictment for the same offense as the petitioner in the instant case. Under somewhat similar facts as those alleged by the petitioner here the Supreme Court remanded the case to the District Court for further findings of fact—whether the accused competently waived her right to counsel.

In the petition and her affidavit attached thereto, petitioner alleges that her plea of guilty was procured by means of false representations, threats, promises and coercion on the part of the Federal Bureau of Investigation agents, that she entered this plea without the benefit of counsel, and that at all times she was without the benefit of counsel. She avers that for over three weeks she was subjected to incessant questioning by the government agents, was under constant surveillance, was fed by intravenous injections and was denied proper medical care. Statements were read to her, she alleges, which purported to be the confessions of some of her co-conspirators and she was told that "she should save the government expense of a long and costly trial; and these things would be considered when the sentence would be pronounced." Finally she agreed to plead guilty and to cooperate with the government in the trials of the other conspirators. The petition goes on to state that the only lawyers who saw her were a neighbor and his wife who told her that they did not handle that type of case but that she could expect a five or six years' sentence from which she would probably be paroled after serving one-third of the time. The petition further alleges that the F. B. I. agents showed her a typewritten confession which they wished her to sign. They promised freedom to her if she would do so and "made serious threats to inflict the longest prison term allowed by law" if she refused to sign the statement.

 Congress has liberalized and expanded the concept of the writ of habeas corpus in the interest of the protection of individual liberties so that the federal courts must now examine all the facts concerning a person's detention and thereby insure that justice has been done. Holiday v. Johnston, 313 U.S. 342, 351, 352, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; Walker v. Johnston, 312 U.S. 275, 285, 61 S.Ct. 574, 85 L.Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 465, 466, 58 S. Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. The Supreme Court has established that the guarantee of counsel by the Sixth Amendment to the Federal Constitution is a prerequisite which must be complied with in order to give a federal court jurisdiction to hear and determine a criminal case. Failure to provide an accused with adequate counsel, unless he has knowingly and intelligently waived this right, renders any conviction and sentence by such a court null and void, and one imprisoned thereby may be released by habeas corpus. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L. Ed. 830; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

 Furthermore, an accused who has been convicted on a plea of guilty induced by threats, promises and intimidation on the part of the law enforcement agents, has been deprived of constitutional rights to the same extent as a person who has been convicted upon a confession obtained through coercion. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302. See Malinski v. New York, 324 U.S. 401, 65 S. Ct. 781, 89 L.Ed. 1029, and the recent opinion of the Supreme Court in Haley v. Ohio, 1948, 68 S.Ct. 302. The use of the writ of habeas corpus is a proper method of testing the constitutional validity of such a conviction for it reaches "those exceptional cases where the conviction has been in disregard of the constitutional rights of the accused, and where the writ is the only effective means of preserving his rights." Waley v. Johnston, 316 U.S. 101, at page 105, 62 S.Ct. at page 966. See, also, Bowen

248

v. Johnston, 306 U.S. 19, 59 S.Ct. 442, 83 L. Ed. 455. As was said by Mr. Justice Jackson in United States v. Smith, 331 U.S. 469, 475, 67 S.Ct. 1330, 1333, "habeas corpus provides a remedy for jurisdictional and constitutional errors at the trial, without limit of time."

■ By statute it is provided that the judge to whom a petition for the writ of habeas corpus is addressed shall forthwith award the writ unless it is evident on the face of the petition itself that the petitioner is not entitled thereto. 28 U.S.C.A. § 455. From the two documents filed by the petitioner in the instant case, together with her supporting affidavit, a prima facie case has been made out for the issuance of the writ. It, therefore, became the duty of the lower court "to determine the facts of the case, by hearing the testimony and arguments, and thereupon to dispose of the party as law and justice require." 28 U.S.C.A. § 461. This duty of investigation can be discharged only by the judge at a hearing where evidence is received. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392. It is not necessary, however, in every case that a writ of habeas corpus issue in the first instance. If a prima facie showing is made on the face of the petition, the judge may hold a hearing on an order to show cause for the purpose of determining whether sufficient ground exists for the issuance of the writ. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830; Ex parte Quirin, 317 U.S. 1, 24, 63 S.Ct. 2, 87 L.Ed. 3; Dorsey v. Gill, 80 U.S. App.D.C. 9, 148 F.2d 857.

We do not think that in the instant case the District Judge has sufficiently complied with the aforesaid mandate. From the record which is before us we are unable to say that the allegations of fact made by petitioner are untrue, however unlikely they may appear to be. The petitioner therefore, must be granted the writ and be given the opportunity to prove the truth of her allegations.

In Von Moltke v. Gillies, supra, Mr. Justice Black made the following statement, which is quite persuasive upon us: "In this habeas corpus proceeding she (Mrs. Von Moltke) charged that the sentence, resting as it did solely on her plea of guilty, was invalid for two reasons: First, she alleged that the plea was entered by reason of the coercion, intimidation, and deception of federal officers in violation of the due process clause of the Fifth Amendment. Second, she alleged that she neither understandingly waived the benefit of the advice of counsel nor was provided with the assistance of counsel as required by the Sixth Amendment. As the Government concedes, these charges entitle the petitioner to have the issues heard and determined in a habeas corpus proceeding, and, if true invalidate the plea and sentence."

■ At the hearing, of course, the petitioner has the burden of proving that she has been denied her constitutional rights; she must convince the trier of facts of the truth of her assertions by a preponderance of evidence. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116, 90 L.Ed. 61; Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. In Johnson v. Zerbst, 304 U.S. 458, at page 468, 58 S.Ct. at page 1025, Mr. Justice Black said: "It must be remembered, however, that a judgment can not be lightly set aside by collateral attack, even on habeas corpus. When collaterally attacked, the judgment of a court carries with it a presumption of regularity. Where a defendant, without counsel, acquiesces in a trial resulting in his conviction and later seeks release by the extraordinary remedy of habeas corpus, the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional right to assistance of counsel. If in a habeas corpus hearing, he does meet this burden and convinces the court by a preponderance of evidence that he neither had counsel nor properly waived his constitutional right to counsel, it is the duty of the court to grant the writ."

We accordingly remand the case to the District Court with instructions to issue the writ of habeas corpus, hear the evidence, determine whether or not the allegations of the petition are true and for such further proceedings as the ends of justice may require.

Reversed and remanded.