Hyman J. GRETSKY, Special Agent, Intelligence Division, Internal Revenue Service,

v.

Edward MILLER.

No. 58-20-A.

United States District Court
D. Massachusetts.

April 15, 1958.

Anthony Julian, U. S. Atty., Charles F. Barrett, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Edward Miller, pro se.

ALDRICH, District Judge.

On February 10, 1958, the respondent, an attorney at law for forty years, appeared before the petitioner, a duly authorized agent of the Internal Revenue Service, pursuant to a summons in the matter of the tax liability of a corporation hereafter called the Company, and two others, directing him to appear and bring the agreement of association, articles of organization and all other records of the Company, and copies of various income tax returns. Other than to state his name and occupation respondent, reading from a piece of paper, refused to answer all questions on the expressed ground of "confidential relationship of attorney and client." On being informed that in the opinion of petitioner he was not entitled to claim such a privilege for the particular matters inquired into, he stated that he would "look into it," and if then of the opinion that he should answer, he would do so.

On March 24 respondent, in receipt of a second summons, again appeared and was asked essentially the same questions. His uniform answer, again reading, was that he could not "legally answer" "because of the existence of confidential relationship of an attorney and client." Thereafter petitioner moved this court under 26 U.S.C. § 7604 for "an attachment as for contempt."

There is no such all-embracing principle, or talismanic formula, as sought to be advanced by respondent. It is elementary that the privilege attaches not to the relationship, but only to certain communications made by the client to the attorney. See Shaw, C. J., in Hatton v. Robinson, 14 Pick., Mass., 416, 423. No inquiry made of the respondent involved this privilege. One group of questions asked whether he was the clerk, or had ever been an officer or director of the Company. A second was whether he had prepared the Company's agreement of association, and whether he had its corporate minutes and stock certificate book. The third was whether he had prepared the federal income tax returns for the years 1951–1956 of any of the parties. The fourth was whether he had ever represented any of the parties in any matter.

The fact of representation is not within the privilege. Behrens v. Hironimus, 4 Cir., 170 F.2d 627; 8 Wigmore, Evidence, § 2313. Indeed, it is a necessary preliminary fact, to be established before any privilege can be asserted. Obviously the fact that an attorney happens to be an officer of a corporation (even if not recorded with the Secretary of the Commonwealth) is not a communication. If the fact that an attorney drew, or prepared documents, can ever be regarded as a communication, it is not a confidential one where the documents are for a public, or quasi public, purpose, intended to be disclosed to third persons, Wigmore, § 2311; cf. Drew v. Drew, 250 Mass. 41, 144 N.E. 763. Finally, the mere possession of documents is not protected. Whether the attorney has to produce them for inspection is another question, entirely separate from the attorney-client privilege. The answer to that depends upon whether the client itself could be so required. Wigmore, § 2307. In this case it could be. United States v. Labovitz, D.C.D.Mass., 20 F.R.D. 307.

Whatever might be said for respondent's ignorance on February 10, after he was advised and given six weeks

to make a further investigation, his continued resistance, unsupported by any legal authority, is not easy to understand. He is not to be held in contempt, however, merely for failure to answer in response to the summons. See Brody v. United States, 1 Cir., 243 F.2d 378, 381, certiorari denied 354 U.S. 923, 77 S.Ct. 1384, 1 L.Ed.2d 1438. Petitioner's motion, as the court there intimated, is misnamed. But respondent is hereby directed to answer all questions asked of him March 24, and to answer all further questions falling within the ambit of this opinion.