**Charles E. HARVEY**

v.

**EIMCO CORPORATION.**

Civ. A. No. 28708.

United States District Court
E. D. Pennsylvania.

May 26, 1961.

See also 28 F.R.D. 381.

Beasley & Ornsteen, by James E. Beasley, Philadelphia, Pa., for plaintiff.

Wolf, Block, Schorr & Solis-Cohen, by Bernard M. Borish, Philadelphia, Pa., for defendant.

WOOD, District Judge.

The defendant's interrogatories seek very complete information as to the existence and whereabouts of reports, statements, and opinions obtained by plaintiff in preparation for trial. Defendant seeks information as to whether such documents exist, and if they do exist, then defendant asks for information as to who made them, when they were made, who currently has them in his possession, etc.

The plaintiff objects to all of these interrogatories on the ground that they are an invasion of his "work product." Plaintiff contends that this information may not be obtained as of right but only on a showing of good cause.

■■ This objection is without merit. Statements, opinions, and reports of witnesses or of experts which are gathered by an attorney in preparation for trial are free from discovery (absent a showing of good cause) by an adverse party *as far as the content of such state-*

*ments, opinions, or reports is concerned.* The law is clear that interrogatories may not be used to obtain a summary or résumé of the contents of such documents. However, the defendant's interrogatories in the case at bar do not ask for the contents, or a résumé or summary of the contents, of the documents obtained by plaintiff in preparation for trial.[1] Therefore, we consider the defendant's interrogatories perfectly proper, and we enter the following Order:

Order

And now, to wit, this 26th day of May, 1961, the plaintiff is hereby Ordered to answer defendant's interrogatories Nos. 4, 5, 24, 25, 30, 31 and 33. So much of interrogatories Nos. 26 and 57 as call for "the substance" of what plaintiff was told need not be answered, and plaintiff's objections thereto are sustained. However, the remainder of interrogatories Nos. 26 and 57 are hereby directed to be answered by plaintiff.

1. In two minor instances the defendant has asked for a portion of the contents of such documents, and we accordingly sustain the plaintiff's objections in those two instances.