**Fred NAPIER, Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-49-A.**

United States District Court
W. D. Virginia,
Abingdon Division.

July 10, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before this court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Fred Napier, a state prisoner of Virginia, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is currently serving a thirty (30) year prison sentence following his conviction for robbery in the Circuit Court of Wise County, Virginia, on February 10, 1961.

Petitioner subsequently filed a petition for a writ of habeas corpus in the Circuit Court of Wise County, Virginia, but said petition was dismissed by said Circuit Court on December 21, 1966.

Thereafter, petitioner sought a writ of error in the Virginia Supreme Court of Appeals to review the Wise County Circuit Court's refusal of the writ of ha-

beas corpus. The Virginia Supreme Court of Appeals refused the writ of error, thereby affirming the lower court's decision.

Petitioner now seeks a writ of habeas corpus before this court on the same grounds previously ruled on by the highest court in the State of Virginia. The court therefore finds that petitioner has exhausted his state remedies in compliance with 28 U.S.C.A. § 2254 and is properly before this court. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963).

Petitioner in his petition to this court for a writ of habeas corpus alleged that he was not afforded effective representation by his court-appointed counsel in the trial for robbery held in the Wise County Circuit Court on February 10, 1961.

Petitioner, in support of this allegation, states that his court-appointed counsel, Mr. R. C. Shannon, did not interview petitioner until immediately before the trial; that Mr. Shannon did not fully investigate the case; and that trial counsel did not inform petitioner of his right to appeal *in forma pauperis.*

The court finds no merit in petitioner's allegation. Mr. Shannon did not interview petitioner, but his law partner, Mr. Carl Newman, interviewed petitioner—possibly two or three times. Mr. Newman could not be sure of the number of interviews, because he lost his file of the case. However, Mr. Newman testified at petitioner's habeas corpus hearing in the Wise County Circuit Court that he definitely remembered interviewing petitioner in great detail; to such an extent that no further questioning was warranted. Petitioner, as well as Mr. Newman, testified at the habeas corpus hearing that petitioner offered no witnesses or information in his defense. Mr. Shannon and Mr. Newman are both able and experienced attorneys, having practiced law for twenty-eight years and five years, respectively. Both attorneys testified at the habeas corpus hearing that they had done all they thought necessary and felt they had competently represented petitioner.

Mr. Newman also testified that he probably had discussed the right to appeal with petitioner. Petitioner denies any such conversation. Petitioner admitted at the hearing that he could not remember Mr. Newman saying anything in the course of the trial. This indicates that petitioner's memory is poor, and may be equally fallible about many statements made by Mr. Newman.

As stated previously by this court in Carter v. Peyton, 262 F.Supp. 701, 703 (1966), there is "the need for petitioner to take some positive action in seeking to have his appeal perfected." The court finds no evidence of petitioner's taking any positive action whatsoever to seek an appeal. Assuming, without so deciding, that petitioner was not informed by trial counsel of his right to review *in forma pauperis,* the court is not aware that such action deprived petitioner of any constitutional rights.

The court can find no proof of ineffective representation except the allegations of petitioner. These allegations are uncorroborated and are contradicted by the testimony of Mr. Shannon and Mr. Newman. Petitioner must prove by a preponderance of the evidence that his rights were denied. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937); Behrens v. Hironimus, 166 F.2d 245 (4th Cir. 1948). Petitioner's uncorroborated and contradicted testimony fails to carry this burden of proof.

Petitioner alleged three additional grounds for error in his petition to the state court for a writ of habeas corpus. Petitioner did not set forth those three allegations in his petition to this court, but the court is not confined to review only the facts in the petition before it and will comment briefly on the three additional grounds. Johnson v. Zerbst, supra.

Petitioner alleges that he was not present at all stages of the proceedings. Petitioner's trial counsel denied this allegation, stating that peti-

tioner was present at all critical stages. The court reiterates that petitioner must sustain the burden of proof, and his contradicted and uncorroborated testimony is not sufficient to carry said burden. The court, therefore, finds this allegation without merit.

■ Petitioner alleges that his rights were violated in the manner in which he was identified by the robbery victims. Petitioner states that before the trial he alone was escorted by a policeman into a room at the jail where one of the robbery victims and another stranger were sitting; that he stood there for a short time; and that the policeman then escorted him back to his cell. Petitioner alleged that he was identified in this manner. There is no other evidence to support the allegation that this was an identification. Furthermore, Sergeant C. E. Chandler of the Virginia State Police testified at the habeas corpus hearing that he was present at the home of the victims, Dave Miller and Edna Miller, when they picked the petitioner out of a lineup of five men, and identified him as their assailant. Later, both victims identified the petitioner at his trial on February 10, 1961, for robbery. The court finds that no rights of the petitioner were violated by the manner of his identification.

■ ■ Petitioner alleged also that his rights were denied because he was not represented by counsel at the preliminary hearing. This ground has been repeatedly reviewed by this court and found not to merit the granting of a writ of habeas corpus where no substantive rights were forfeited by the lack of counsel. Lack of counsel at the preliminary hearing in this case was not prejudicial. See De Toro v. Pepersack, 332 F.2d 341 (4th Cir. 1964); Timmons v. Peyton, 240 F.Supp. 749 (E.D.Va.1965); Snyder v. Commonwealth, 202 Va. 1009, 121 S.E.2d 452 (1961).

For the reasons stated in this opinion and upon mature consideration of the facts in the case, the court finds that the allegations of petitioner are without merit. Nothing would be gained by a further hearing.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is, denied.