806

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

TEX–ELASTIC CORPORATION,
Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

LAWRENCE TEXTURING CORPORA-
TION, Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

NATIONAL SPINNING COMPANY,
Inc., Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

UNITED MERCHANTS AND MANU-
FACTURERS, INC., Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

TEXFI INDUSTRIES, INC., Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

The DUPLAN CORPORATION and Bur-
lington Industries, Inc., Defendants.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

MADISON THROWING COMPANY,
Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

The SCHWARZENBACH–HUBER COM-
PANY, Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

OLYMPIA MILLS, INC., Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

JONATHAN LOGAN, INC., Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

LEON–FERENBACH INCORPORATED,
Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

HEMMERICH INDUSTRIES, Defendant.

DEERING MILLIKEN RESEARCH
CORPORATION, Plaintiff,

v.

FRANK IX & SONS VIRGINIA COR-
PORATION, Defendant.

Civ. A. Nos. 70–622, 70–628, 70–677, 70–683,
68–705, 69–1096, 70–14, 70–295, 70–358,
70–385, 70–386, 70–391, 70–493.

United States District Court,
D. South Carolina,
Spartanburg Division.

Dec. 14, 1970.

Thomas A. Evins, Means, Evins, Browne & Hamilton, Spartanburg, S. C., and Simon H. Rifkind, Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, for plaintiff.

David Rabin, Greensboro, N. C., and E. P. Perrin, Spartanburg, S. C., for defendant Texfi Industries, Inc.

Fletcher Mann, Leatherwood, Walker, Todd & Mann, Greenville, S. C., Mark F. Hughes, New York City, Paul B. Bell, Parrott, Bell, Seltzer, Park & Gibson, Charles B. Park, III, Parrott, Bell, Seltzer, Park & Gibson, Charlotte, N. C., Anthony F. Phillips, Willkie Farr & Gallagher, New York City, for defendant Duplan Corporation.

John W. Malley, William K. West, Cushman, Darby & Cushman, Washington, D. C., O. G. Calhoun, Haynsworth, Perry, Bryant, Marion & Johnstone,

Greenville, S. C., for defendant Burlington Industries, Inc.

O. G. Calhoun, Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., John W. Malley, William K. West, Cushman, Darby & Cushman, Washington, D. C., for defendant Madison Throwing Co.

Mark F. Hughes, New York City, Paul B. Bell, Charles B. Park, III, Charlotte, N. C., Anthony F. Phillips, New York City, Fletcher C. Mann, Greenville, S. C., for defendant Schwarzenbach-Huber Co.

Mark F. Hughes, Anthony F. Phillips, New York City, Paul B. Bell, Charles B. Park, III, Charlotte, N. C., Fletcher C. Mann, Greenville, S. C., for defendant Olympia Mills, Inc.

Mark F. Hughes, Anthony F. Phillips, New York City, Paul B. Bell, Charles B. Parks, III, Charlotte, N. C., and Fletcher C. Mann, Greenville, S. C., for defendant Jonathan Logan, Inc.

John W. Malley, William K. West, Washington, D. C., and O. G. Calhoun, Greenville, S. C., for defendant Leon-Ferenbach Incorporated.

David Rabin, Greensboro, N. C., and E. P. Perrin, Spartanburg, S. C., for defendant Hemmerich Industries.

Mark F. Hughes, Anthony F. Phillips, New York City, Paul B. Bell, Charles B. Park, III, Charlotte, N. C., and Fletcher C. Mann, Greenville, S. C., for defendant Frank Ix & Sons Virginia Corporation.

David Rabin, Greensboro, N. C., and E. P. Perrin, Spartanburg, S. C., for defendant Tex-Elastic Corporation.

Mark F. Hughes, Anthony F. Phillips, New York City, Paul B. Bell, Charles B. Park, III, Charlotte, N. C., for defendant Lawrence Texturing Corporation.

John W. Malley, William K. West, Washington, D. C., O. G. Calhoun, Greenville, S. C., for defendant National Spinning Co., Inc.

Mark F. Hughes, New York City, Paul B. Bell, Charles B. Park, III, Charlotte, N. C., for defendant United Merchants and Manufacturers, Inc.

## ORDER

DONALD RUSSELL, District Judge.

These actions, which are combined for purposes of the motions hereafter disposed of, involve the right of the plaintiff Deering Milliken Research Corporation (hereafter referred to as DMRC) to recover payments allegedly due under certain sublicense agreements between it and a number of the defendants herein covering the use of certain patented processes or for infringement. In denying liability, the defendants have, *inter alia*, put in issue the validity of the patents embraced in the sublicense agreements and have charged anti-trust violations, on account of which recovery against the plaintiff is in turn sought.

The matter before me now involves the application of the plaintiff, DMRC, for a protective order under Rule 26(b) (4), relieving it from answering, either in whole or as presently phrased, certain interrogatories propounded by the defendants.

The first objection made by the plaintiff is directed at so much of Interrogatories 5 to 10, inclusive, 19(d) and 51 as would require information regarding opinions, reports or analyses prepared by counsel. It contends that, unless so limited, the interrogatories are violative of the attorney-client privilege or the work-product doctrine of Hickman v. Taylor (1947) 329 U.S. 495, 67 S.Ct. 385, 91 L. Ed. 451, as incorporated in revised Rule 26(b) (3). The defendants respond that, by their interrogatories in question, they do not demand the production of any opinions, "documents, or any tangible things" but seek merely an identification of the same; and they contend that any objections such as those now raised by DMRC are premature and should await the filing of a motion to produce. In any event, the defendants assert that the mere identification of the opinions, reports and memoranda would not infringe on the attorney-client privilege or the

work-product doctrine.[1] The defendants have, however, gone beyond this and have suggested that the attorney-client privilege and the work-product doctrine do not apply in either patent or anti-trust litigation and that these objections of DMRC are without merit. They assert, in addition, that many of the opinions and memoranda sought to be identified through the interrogatories were prepared by the plaintiff's "house counsel", who, they claim are not within the attorney-client privilege or the work-product doctrine; and finally, they charge that the plaintiff has waived, at least to some extent, its claim of privilege, incorporating in its brief certain letters that, in their judgment, represented disclosure of legal opinions to third parties and thus constitued waiver *pro tanto* of the privilege.

■ Of course, if the attorney-client privilege and the work-product doctrine are inapplicable to patent and anti-trust suits, then the objections by the plaintiff are without merit. It seems clear to me, however, that there is no sound basis for this contention; and that, taking into consideration the peculiar features of these types of action, both the attorney-client privilege and the work-product doctrine are to be honored.[2] On the other hand, the issue of what opinions, reports or memoranda are immune from discovery under either the attorney-client privilege or work-product doctrine may well present a difficult problem only to be resolved after hearing, fixing the rules to be applied in determining immunity, and after an *in camera* inspection by the Court of the several reports or memoranda themselves. However, that problem is not now properly before me. As the defendants argue, the only question presently posed is the extent to which the defendants may secure an identification of opinions, reports and analyses by way of a preliminary to a motion to produce. Manifestly, the defendants are entitled, without invading the attorney-client privilege, to secure sufficient identification of the material to support a motion to produce. On the other hand, the Court must be careful by its ruling not to broaden the identification by the plaintiff to such extent as to compromise or defeat the plaintiff's right to its privilege either under the attorney-client privilege or the work-product rule.[3] Giving due consideration to the rights of all parties, I am convinced that, so far as reports, opinions or analyses of lawyers are concerned, the plaintiff need only give the names of the author, his legal qualifications, whether he is "outside" or "house" counsel, and the jurisdictions in which he is authorized to practice. Specifically, the contents of such opinions, reports or analyses need not be given until the discoverability of the same and the propriety of their production may be

1. See, Lee v. Electric Products Company (D.C.Ohio 1963) 37 F.R.D. 42, 45; Gretsky v. Miller (D.C.Mass.1958) 160 F.Supp. 914, 915; Harvey v. Eimco Corporation (D.C.Pa.1961) 28 F.R.D. 380, 381.

2. For authority that such privileges are applicable to patent actions, see, as representative cases In re Natta (3d Cir. 1969) 410 F.2d 187, cert. den. Montecatini Edison S.p.A. v. E. I. duPont de Nemours & Co., 396 U.S. 836, 90 S.Ct. 95, 24 L.Ed.2d 87; Harvey v. Eimco Corporation (D.C.Pa.1961) 28 F.R.D. 380; United States v. Anderson (D.C. Colo.1963) 34 F.R.D. 518; Vilastor-Kent Theatre Corp. v. Brandt (D.C.N.Y.1956) 19 F.R.D. 522; Ellis-Foster Company v. Union Carbide & Carbon Corp. (D.C. N.J.1958) 159 F.Supp. 917.

For authority that such privileges apply in anti-trust actions, see, for instance, Radiant Burners, Inc. v. American Gas Association (7th Cir. 1963) 320 F.2d 314, cert. denied 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262.

3. See, Stix Products, Inc. v. United Merchants & Mfgrs., Inc. (D.C.N.Y.1969) 47 F.R.D. 334, 339:
"The Court agrees with the Special Master that even the identification of a communication between attorney and client in terms of the date and subject might well tend to defeat the very purpose of the privilege."
Cf., Behrens v. Hironimus (4th Cir. 1948) 170 F.2d 627, 628; N. L. R. B. v. Harvey (4th Cir. 1965) 349 F.2d 900, 905, 16 A.L.R.3d 1035.

determined after hearing[4] to resolve whether either the attorney-client privilege or the work-product doctrine applies to each such opinion or report.[5] If a subsequent motion to produce is made in connection with these reports, opinions and analyses, it may well be that the plaintiff will be required to set forth in general terms its claim of privilege to each separate report and to prepare and file for the *in camera* use by the Court, "a document by document description" of the several opinions or reports claimed covered by the attorney-client privilege or the work-product doctrine. Cf., Stix Products, Inc. v. United Merchants & Mfgrs., Inc., *supra*, at pp. 339–340 (47 F.R.D.).

■ The plaintiff also objects to Interrogatory 14 which seeks the name and address of, and the nature of agreement with all licensees of the plaintiff. In their argument justifying this Interrogatory, the defendants state that the purpose of this Interrogatory is to ascertain whether any licensee has been given terms different from those extended the defendants in these suits. While I am sure the Interrogatory was not designed for this purpose, plaintiff fears that compliance with such Interrogatory would generate additional delinquencies by its other licensees. Since the defendants indicate that their only purpose in this Interrogatory is to ascertain whether any other licensee of the plaintiff has received different terms from those accorded the defendants themselves, I am at this time restricting this Interrogatory to requiring an answer by the plaintiff whether it has extended to any licensee of the patents in question any terms different from those extended any of the defendants. After the plaintiff has answered the Interrogatory as thus phrased, the defendants may, as they feel it appropriate, apply to the Court for the right to file such additional interrogatories as the answer of the plaintiff may suggest to be in order.

The plaintiff has also objected to Interrogatory 15 which seeks identification of all parties to whom a license has been offered and on what terms. The purpose of this Interrogatory, as I understand the argument of the defendants, is the same as that which prompted Interrogatory 14 and for the reasons already stated I think the same should be limited at this time to inquire whether the plaintiff has offered to any party other than the defendants, a license to use the patents in question on terms different from that extended to the defendants.

■ A ruling on Interrogatory 20 is deferred. Section 122, 35 U.S.C., "enjoins only the patent office to maintain the confidence" attaching to patent applications. Britt Tech Corporation v. L & A Products, Inc. (D.C.Minn.1963) 223 F.Supp. 126. And, while the Courts will not hesitate to require a party to answer whether it has filed or abandoned a patent application despite this Section, it normally does not do so unless it is clear that such information is materially connected with the instant litigation. Whether the information sought by this Interrogatory meets such test can best be determined after the other interrogatories have been answered.

■ The plaintiff objects to Interrogatories 23 and 24 on the grounds that the Interrogatories are burdensome, too general and seek information not reasonably calculated to lead to the discovery of admissible evidence. Such Interrogatories seek an identification of all "documents" either under the control or known to plaintiff which "mention or pertain" to any of the patents in suit or the applications forming the basis therefor, or which "mention or pertain" to any ap-

---

4. See Natta v. Zletz (7th Cir. 1969) 418 F.2d 633, 636; McCormick, Evidence, p. 123 (1954).

5. See Sperry Rand Corp. v. International Business Mach. Corp. (D.C.Del.1968) 45 F.R.D. 287, 291:

"Instead, the documents now submitted to the Court for an *in camera* inspection will be individually examined and tested against the requisites for a meritorious claim of privilege."

paratus or processes used by any of the defendants which the plaintiff believes infringes any patent in suit. The difficulty with these Interrogatories is their breadth, when taken in connection with the definitions incorporated in the introduction to defendants' Interrogatories. The term "documents", as defined in this introductory portion of defendants' Interrogatories, is all-inclusive and, when extended by the term "mentioned", would require the plaintiff meticulously to examine everything in its files. I regard this as unduly burdensome and oppressive. In my judgment, Interrogatory 23 should be limited to identification of any reports, engineering analyses or memoranda (but not including any material claimed by the plaintiff to be within the attorney-client privilege or the work-product doctrine, as to which the plaintiff shall be required to give only the information required under Interrogatories 5 to 10, inclusive, as set forth above) giving the date and location of such memoranda and identifying by name and title the person having custody of same. Similarly, Interrogatory 24 should be limited to any reports, engineering analyses or memoranda in the custody or under the control of the plaintiff which describe or identify any apparatus or processes used by any of the defendants and believed by the plaintiff to infringe any patent in suit, identifying by name, address and title, the person having custody of such document.

The objections to Interrogatories 45 and 46 are sustained at this time. So far as I can ascertain, no circumstances such as those in Rocform Corp. v. Acitelli-Standard Concrete Wall, Inc. (6th Cir. 1966) 367 F.2d 678, are present in these cases.

■ The plaintiff has objected to Interrogatory 47 as unduly burdensome, seeking confidential information and information not reasonably calculated in discovery to lead to admissible evidence.

So far as the Interrogatory seeks information as to completed, patent license agreements between the plaintiff and other patentees covering the false twisting of textile yarns, the Interrogatory involved in (a) and (b) is approved with the exception that the term "documents" in (b) shall be limited to letters, along with any enclosures attached thereto. The objection to (c) is sustained. This is without prejudice to the right of the defendants to renew their request under this Interrogatory.

In connection with Interrogatory 48, the objection of the plaintiff to (d), (e) and (f) is sustained. The objections to (a), (b), (c), (g) and (h) are disallowed with the exception that such Interrogatory is limited to "agreement" and does not include "business transaction and/or".

The objections to Interrogatory 49 are disallowed with the exception that the term "transaction" shall be limited to "agreement".

■ Finally, the plaintiff seeks to have Interrogatory 56 confined to proceedings involving the patents and processes involved in these actions. For the time-being, it will be so limited.

The plaintiff, also, objected to Interrogatory 1(b) but such Interrogatory was amended at hearing so as to remove plaintiff's objection.

The plaintiff likewise incorporated in its motion request for extension of time to answer or object to Interrogatories 2, 16 and 25–44, as served on plaintiff on September 24, 1970, and this motion was orally granted by extending time for answering until December 15, 1970.

Leave is granted the plaintiff to answer the Interrogatories to which its objections were disallowed or the Interrogatories amended herein within twenty (20) days from the date hereof.

And it is so ordered.