**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued June 6, 2012
Decided July 5, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| Nos. 11-2617 & 11-2619 | Appeals from the United States District Court for the Central District of Illinois. |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | No. 10-CR-20038 |
| *v.* | Michael P. McCuskey, *Judge.* |
| VICTOR D. JACKSON and DANIEL KELLY, *Defendants-Appellants.* | |

**O R D E R**

Victor Jackson and Daniel Kelly were convicted of cocaine-related offenses – Kelly after pleading guilty and Jackson after a jury trial. Jackson was sentenced on July 8, 2011, to 360 months' imprisonment and Kelly on the same day to 188 months' imprisonment. On appeal, both argue that the district court should have sentenced them under the lower mandatory minimum rules established in the Fair Sentencing Act of 2010, 124 Stat. 2372. At the time of their sentencing hearings, however, we had concluded that the Fair Sentencing Act did not apply to any person who had committed the underlying offense conduct before the effective

date of the Act, August 3, 2010. While these appeals were pending, the Supreme Court held in *Dorsey v. United States*, 11-5683, --- S.Ct. ----, 2012 WL 2344463 (2012), that the Act governs all sentencing proceedings from its effective date onward, regardless of when the offense conduct occurred. Since both Kelly and Jackson were sentenced well after that date, *Dorsey* instructs us that the Act applies to them.

In Kelly's case, there is little more to say. He properly raised this issue in the district court, which refused to apply the Act based on the then-prevailing law of the circuit. Kelly is therefore entitled to be resentenced. Jackson, in contrast, did not raise this issue in the district court and so was sentenced under the pre-Fair Sentencing Act rules. Our review of his sentence is only for plain error. But when the law was settled in the circuit at the time of the district court's decision, the plain-error standard can be satisfied if the law becomes clear (the other way) on appeal. See *Johnson v. United States*, 520 U.S. 461, 468 ("[I]t is enough that an error be 'plain' at the time of appellate consideration."). At the time the district court sentenced Jackson, this circuit had held definitively that the Fair Sentencing Act was not retroactive; while Jackson's appeal was pending, *Dorsey* resolved the question the other way. It is thus plain that Jackson too is entitled to be resentenced under the Fair Sentencing Act. (We note that it is possible that *Johnson*'s rule may not apply to questions of law that were *not* settled in the circuit at the time of the district court's decision. Courts have disagreed on this question, and the Supreme Court recently granted certiorari to resolve it. *Henderson v. United States*, No. 11-9307, cert. granted June 25, 2012. But that is not the situation presented by this case.)

Jackson also challenges his conviction. He argues that one of the government's witnesses – the informant who purchased the cocaine from him – improperly testified as an expert about drug jargon that the two used during the transaction. See *United States v. Oriedo*, 498 F.3d 593, 603 n.10 (7th Cir. 2007) (testimony about drug codes is admissible only as expert testimony if the witness "draws on broad experience, acquired from his observations outside of this particular case" because he "relies on *specialized* knowledge of drug trafficking to draw conclusions about the particular case"). But Jackson failed to raise this error below, and so once again our review is only for plain error. "Under a plain-error standard, a defendant's conviction will stand if the claimed evidentiary error was harmless." *United States v. Gaytan*, 649 F.3d 573, 582 (7th Cir. 2011).

Some of the testimony Jackson challenges is obviously not expert testimony – the witness was only explaining what he himself said and understood during the conversation. Other parts might have been contestable. For example, the informant testified about the meaning of words Jackson used and about general drug trafficking practices. But that testimony was not extensive. We do not need to delve into every word, because even if it was error to permit the informant to touch on those other subjects, any error was harmless given the strength of the evidence in the case. See *Gayton*, *id.* The informant testified that he had

purchased drugs from Jackson, and the government had audio and video tapes of the transactions. Jackson argues that this evidence was not enough for the jury to convict, absent the drug code translation, because the jury failed to convict Jackson on one count for which there was no corresponding audio and translation evidence. But as the government points out, the jury hung on that charge; it did not acquit. Moreover, translation evidence is not all that this count lacked – there was also no audio evidence. We therefore reject the proposed inference that the stalemate on this count indicated that the drug code testimony was indispensable to Jackson's other convictions.

As we noted earlier, Jackson has painted with too broad a brush in his attack on every word the informant said. A few of the translations were nothing more than the informant's explanations of words *he himself* used during the transaction. We accept that a witness typically must be qualified as an expert to opine on things like the going rates of drugs and general understandings about the meaning of drug code words, if that information is "drawn from facts outside the witness's first-hand knowledge of the case." *United States v. York*, 572 F.3d 415, 420 (7th Cir. 2009). A witness does not need to be qualified as an expert to explain his own understanding of his own words, however; cross-examination is all that is needed to test those representations.

We thus AFFIRM Jackson's conviction, but we VACATE Jackson and Kelly's sentences and REMAND for resentencing consistently with *Dorsey* and the Fair Sentencing Act.