In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2470

VICTOR D. JACKSON,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 2:14-cv-02012-JES-JEH — **James E. Shadid**, *Chief Judge.*

ARGUED JANUARY 12, 2017 — DECIDED JUNE 16, 2017

Before BAUER, SYKES, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge*. In 2011, Petitioner Victor Jackson and codefendant Daniel Kelly were convicted of cocaine-related offenses. Jackson was convicted by a jury while Kelly pleaded guilty. Jackson was sentenced to 360 months' imprisonment. He appealed his conviction and sentence; we affirmed his conviction but vacated his sentence, holding that he was

entitled to be resentenced under the Fair Sentencing Act based on the Supreme Court's holding in *Dorsey v. United States*, 567 U.S. 260, 264 (2012). *See United States v. Jackson*, 491 F. App'x 738, 739 (7th Cir. 2012). On remand, with a new sentencing Guidelines range of 262 to 327 months' imprisonment, the district court sentenced Jackson to 200 months' imprisonment.

On January 31, 2014, Jackson filed a *pro se* 28 U.S.C. § 2255 petition, arguing that he received ineffective assistance of counsel on several grounds. Judge Michael McCuskey denied the petition and did not issue a certificate of appealability. *Jackson v. United States*, 2014 U.S. Dist. LEXIS 52283, at *26 (C.D. Ill. Apr. 16, 2014). But we granted a certificate on Jackson's claim that prior counsel provided ineffective assistance by misinforming him that he would not be eligible for a Fair Sentencing Act ("FSA") reduction if he pleaded guilty. Following the filing of his opening appellate brief, Jackson and the government filed a joint motion for summary reversal and remand for an evidentiary hearing on the question presented in the certificate of appealability. We granted the motion, summarily vacated the district court's judgment, and remanded the case for an evidentiary hearing on the issue. On remand, the district court referred the case to a magistrate judge for an evidentiary hearing, which was held on December 11, 2015.[1]

At the hearing, the magistrate judge observed the live testimony of three witnesses: Jackson, Kelly, and Bruce

---

[1]   Because Judge McCuskey retired, this matter was reassigned to Chief Judge James Shadid on remand. Chief Judge Shadid referred this matter to Magistrate Judge Jonathan E. Hawley.

Ratcliffe, Jackson's former counsel. Jackson testified to the various instances that led to his decision to reject the government's plea offer and go to trial. He testified that he heard about the FSA issue and asked Ratcliffe about it, but Ratcliffe did not know about it. Jackson asserted that he rejected the government's plea offer because Ratcliffe advised him that the only way to preserve a FSA claim was to go to trial. Jackson testified that he went to trial based on Ratcliffe's advice, but he would have otherwise pleaded guilty.

Kelly testified that he entered into a conditional plea in which he reserved his right to argue on appeal that the FSA applied to his case at sentencing. Kelly also testified that he informed Jackson that he could enter into a plea agreement and still preserve his right to argue that the FSA applied to him on appeal. He testified that Jackson then wanted to discuss this information with Ratcliffe.

Ratcliffe testified that "Jackson never told [him] that he wanted to explore plea agreements. It was trial the entire time."

On December 30, 2015, the magistrate judge recommended that Jackson's § 2255 petition be granted, his sentence be vacated, and that he be resentenced after awarding him a three-point reduction for acceptance of responsibility. *Jackson v. United States*, 2015 U.S. Dist. LEXIS 177643 (C.D. Ill. Dec. 30, 2015). The magistrate judge concluded that Jackson established both deficient performance and prejudice, both of which are necessary to demonstrate in order to prevail on an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). In coming to that conclu-

sion, the magistrate judge weighed the testimony of Jackson, Kelly, and Ratcliffe. The credibility assessment came out in Jackson's favor. The magistrate judge found that Jackson was credible. Specifically, the magistrate judge found credible Jackson's assertions that he rejected the plea deal because Ratcliffe told him he could only preserve a FSA claim if he went to trial. The magistrate judge also credited his claim that he would have otherwise pleaded guilty. The magistrate judge doubted the reliability of Ratcliffe's testimony and noted "troubling" aspects to it. The magistrate judge declined to believe Ratcliffe's statement that "Jackson never told [him] that he wanted to explore plea agreements. It was trial the entire time."

On April 20, 2016, the district court denied Jackson's § 2255 petition, adopting and rejecting in part the magistrate judge's recommendations and findings. *Jackson v. United States*, 2016 U.S. Dist. LEXIS 52519 (C.D. Ill. Apr. 20, 2016). The district court agreed with the magistrate judge's conclusion that Jackson's counsel's representation was deficient, but found that Jackson was unable to establish prejudice under *Strickland*.

The district court rejected the magistrate judge's credibility determinations of both Jackson and Ratcliffe, without ever observing either testify in person. First, as to Jackson, the district court determined that Jackson's assertions were "self-serving." The district court dismissed Jackson as "a 'hard-head'" who "would heed no advice." The district court believed that Jackson was "in control of the direction of his case." Second, the district court rejected the magistrate judge's credibility determination regarding Ratcliffe. The district court determined that Ratcliffe "testified under oath that he and

Jackson differed in their opinions" of the government's case. Additionally, it determined that Ratcliffe's testimony was "unclear or contrary" to someone who was well-versed in criminal law. The district court credited Ratcliffe's statement that "Jackson never told [him] that he wanted to explore plea agreements. It was trial the entire time." The district court issued Jackson a certificate of appealability since the magistrate judge had reached a different conclusion.

On appeal, Jackson contends that the district court erred in rejecting the magistrate judge's credibility findings without conducting a *de novo* evidentiary hearing. We agree.

The Federal Magistrate Act grants a district court judge the authority to refer a magistrate judge to conduct hearings and submit proposed findings of facts and recommendations. 28 U.S.C. § 636(b)(1)(B). After the magistrate judge submits the proposed findings and recommendations report, the parties may object to that report. The district court then must make a "de novo determination" of the parts of the report to which objection was made. *Id.* § 636(b)(1). The Act grants district courts discretion to "accept, reject or modify, in whole or in part," the magistrate's proposed findings or recommendations. *Id.* The district court may then receive further evidence or send the matter back to the magistrate judge with instructions. *Id.*

In *Raddatz*, the Supreme Court held that the Act does not require the district court to hold a *de novo* hearing when accepting a magistrate judge's credibility findings. *United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The Court concluded "that the statutory scheme includes sufficient procedures to alert the district court [as to when] to exercise its

discretion to conduct a hearing and view the witnesses itself." *Id.* at 680–81. The Court noted that:

> Neither the statute nor its legislative history reveals any specific consideration of the situation where a district judge after reviewing the record in the process of making a *de novo* "determination" has doubts concerning the credibility findings of the magistrate. The issue is not before us, but we assume it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach.

*Id.* at 681 n.7.

The *Raddatz* Court left open the question of whether a district court may reject a magistrate judge's credibility findings without holding a *de novo* evidentiary hearing. We have not previously answered this question, but in *United States v. Ornelas-Ledesma*, we noted how other circuits picked up the Court's not-so-subtle hint that the answer is "no." *See* 16 F.3d 714, 720 (7th Cir. 1994) (collecting cases), *vacated on other grounds*, *Ornelas v. United States*, 517 U.S. 690 (1996). Since the Court decided *Raddatz*, other circuits have taken heed of the concerns expressed by the Court and have held that a district court judge may not reject the credibility findings of a magistrate judge without holding a *de novo* evidentiary hearing.

*See United States v. Hernandez-Rodriguez*, 443 F.3d 138, 148 (1st Cir. 2006); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999); *Hill v. Beyer*, 62 F.3d 474, 482 (3d Cir. 1995); *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir. 1980); *United States v. Ridgway*, 300 F.3d 1153, 1157 (9th Cir. 2002); *United States v. Cofield*, 272 F.3d 1303, 1306 (11th Cir. 2001) (per curiam). Similarly, we hold that a district court judge may not reject a magistrate judge's material credibility findings based on a witness's live testimony, without first holding a *de novo* evidentiary hearing.

We note that most of the other circuits' decisions mainly rely on the *Raddatz* footnote in coming to this conclusion, but do not directly address the constitutional implications that were alluded to by the Court. *Compare Louis*, 630 F.2d at 1109 *with Hill*, 62 F.3d at 481–82, *and Cullen*, 194 F.3d 401, 405–07. We, like the Fifth Circuit in *Louis*, have "severe doubts about the constitutionality of the district judge's reassessment of credibility without seeing and hearing the witnesses himself." 630 F.2d at 1109. We find the analysis of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), in *Louis* persuasive. *See id.* at 1109–10. Thus, we also conclude that Due Process is not satisfied under these circumstances. *See id.*; s*ee also Holiday v. Johnston*, 313 U.S. 342, 352 (1941) ("One of the essential elements of the determination of the crucial facts is the weighing and appraising of the testimony."); *United States v. Raddatz*, 592 F.2d 976, 982 (7th Cir. 1979), *rev'd*, 447 U.S. 667 ("Due Process guarantees a meaningful hearing and procedures sufficient to ensure a reliable determination of the facts … ." (citing *Jackson v. Denno*, 378 U.S. 368, 376–77 (1964)) (citation omitted)).

Here, the district court, to reach the conclusion that it did, rejected the magistrate judge's material credibility findings that were based on having observed in-person testimony. The district court erred in doing so. Moreover, by rejecting the magistrate judge's material credibility findings, the district court effectively denied the evidentiary hearing that we ordered and to which the parties agreed.

For the foregoing reasons, we vacate the district court's judgment and remand for proceedings not inconsistent with this opinion. Circuit Rule 36 shall apply on remand.